1  RONALD J. HOLLAND (Cal. Bar No. 148687)
   rjholland@mwe.com
2  ELLEN M. BRONCHETTI (Cal. Bar No. 226975)
   ebronchetti@mwe.com
3  PHILIP SHECTER (Cal. Bar No. 300661)
   pshecter@mwe.com
4  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road, Suite 100
5  Menlo Park, California 94025
   Tel:  650.815.2400
6  Fax:  650.815.7401

7  Attorneys for Defendant
   BLUE APRON, LLC

8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RASHIDA FAIRLEY, on behalf of herself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>BLUE APRON, LLC; BLUE APRON, INC.; and DOES 1–100<br><br>Defendants. | CASE NO.<br><br>[Alameda Superior Court Case No. RG18923596]<br><br>**DEFENDANT BLUE APRON, LLC'S NOTICE OF REMOVAL OF ACTION**<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]<br><br>Complaint filed: October 5, 2018 |
|---|---|

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant BLUE APRON, LLC ("Defendant"), formerly doing business as Blue Apron, Inc., hereby removes the action *Rashida Fairley v. Blue Apron, LLC et al.*, pending in the Superior Court of the State of California, County of Alameda, Case No. RG18923596, to the United States District Court for the Northern District of California.

Removal is based on the Class Action Fairness Act ("CAFA"). This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. sections 1332(d), 1441, 1453 and 1446, because minimal diversity exists and the amount in controversy exceeds $5,000,000. Accordingly, removal is proper based on the following grounds:

## I.

## STATEMENT OF JURISDICTION UNDER CAFA

1. On February 18, 2005, CAFA was enacted. In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (i) the proposed class contains at least 100 members; (ii) the defendants are not states, state officials or other governmental entities; (iii) the total amount in controversy for all class members exceeds $5,000,000; and, (iv) there is diversity between at least one class member and one defendant.

3. CAFA's minimal diversity requirement is satisfied when (i) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (ii)

at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen; or (iii) at least one plaintiff is a U.S. citizen and one defendant is a citizen of a foreign state.  28 U.S.C. § 1332(d).

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.

## BACKGROUND AND SUMMARY OF PLEADINGS

5. On October 5, 2018, Plaintiff Rashida Fairley ("Plaintiff") filed a Class Action Complaint in the Superior Court of the State of California, County of Alameda, entitled *Rashida Fairley v. Blue Apron, LLC et al.*, Case No. RG18923596.

6. Copies of the Class Action Complaint; Summons; Civil Cover Sheet; and Notice of Hearing were served on Defendant on October 19, 2018.  True and correct copies of the Class Action Complaint; Summons; Civil Cover Sheet; and Notice of Hearing served on Defendant are attached hereto as **Exhibits A–D**, respectively.[1]

7. On October 24, 2018, Plaintiff filed Proofs of Service of Complaint with the Alameda County Superior Court.  A true and correct copy of the Proofs of Service are attached hereto as **Exhibit E**.

8. On November 16, 2018, Defendant filed an Answer to Plaintiff's Complaint, generally denying all allegations and asserting distinct and separate affirmative defenses.   A true and correct copy of Defendant's Answer is attached hereto as **Exhibit F**.

---

[1] Plaintiff did not serve the Civil Cover Sheet on Defendant.  For purposes of removal, Defendant downloaded the Civil Cover Sheet from the Alameda County Superior Court's website.

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

## III.

## **JURISDICTION PURSUANT TO CAFA IS SATISFIED**

9. Under CAFA, a removing defendant need not submit any evidence of the facts establishing jurisdiction in its notice of removal. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). Rather, a notice of removal "need include only a plausible allegation" that the jurisdictional facts exists. *Id.* at 554. Evidence is required "*only* when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added).

10. In *Dart Cherokee*, the U.S. Supreme Court held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (emphasis added) (citations omitted). Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 *broadly in favor of removal . . . .*" *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added). *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *see also Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015) (finding, in light of *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction'"); *Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV 15-1551 JGB (DTBx), 2015 WL 5618872 at *2  (C.D. Cal. Sept. 24, 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

## A.

## **Minimum Diversity Of Citizenship Exists Here**

11. CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

12. Plaintiff's Class Action Complaint alleges that Plaintiff is a resident of California. Exhibit A (Class Action Complaint), ¶ 13. Defendant's employment records further show that Plaintiff, a former employee, was a resident of California throughout her employment until her termination. Although no evidence of domicile is required at the notice of removal stage, *cf. Dark Cherokee*, 135 S. Ct. at 554, "[p]roof of residence in a state is usually thought prima facie evidence of domicile," *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951). *See Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *see also Barbosa v. Transp. Drivers, Inc.*, No. ED CV 15-1834-DMG (DTBx), 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015) ("[A] person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction . . . ." (citation omitted)). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).

13. Defendant therefore alleges that Plaintiff is now at the time of this removal, and was at the institution of this civil action, domiciled in California.

| Case No. | - 4 - | DEFENDANT BLUE APRON, LLC'S NOTICE OF REMOVAL |

14. Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of California for purposes of determining diversity. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which she is domiciled).

15. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16. In *Hertz Corp. v. Friend*, the U.S. Supreme Court clarified the definition of a corporation's "principal place of business," concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93 (2010). The Supreme Court further held that, "in practice," the principle place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

17. Under the foregoing standard, Defendant is now at the time of this removal, and was at the institution of this civil action, a citizen of the States of Delaware and New York. Defendant was incorporated in the State of Delaware and maintains its corporate headquarters in New York, New York. New York is where the vast majority of Defendant's corporate and executive officers are employed. The vast majority of Defendant's administrative functions (including that of payroll, human resources, operations and planning) are conducted in New York. New York is also where the actual center of direction, control and coordination for Defendant takes place, as Defendant's corporate headquarters is where all major functions of the human resources, payroll and administrative departments are directed, controlled and coordinated, and where the respective agents for those departments work and are responsible for developing Defendant's policies and protocols. Accordingly, Defendant's principal place of business is in the State of

New York. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92–97. These facts were true at the time this action was initiated and remain true at the time of this removal.[2]

18.  In accordance with the foregoing, Plaintiff is a citizen of the State of California while Defendant is a citizen of the States of Delaware and New York. Thus, the minimum diversity requirement under CAFA is satisfied.

### B.
### The Proposed Class Consists Of At Least 100 Members

19.  This action has been styled as a California class action under California Code of Civil Procedure section 382. Exhibit A (Class Action Complaint), ¶ 1. California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

20.  Plaintiff's Complaint proposes one class (the "Proposed Class"), defined as "[a]ll persons who are employed or have been employed by Defendant [sic] in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations." *Id.* ¶ 45.

21.  Plaintiff's Complaint also proposed 11 subclasses[3]:

   a.   "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of five (5) hours";

   b.   "All persons who are or have been employed by BLUE APRON

---

[2] Blue Apron, Inc. no longer exists. The facts in this paragraph also pertain to Blue Apron, Inc. while it existed—i.e., it was incorporated in Delaware and maintained its corporate headquarters in New York.

[3] While Plaintiff purports to propose 12 subclasses in the Complaint, two of them are identical.

and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours";

    c. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours";

    d. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of twelve (12) hours";

    e. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours";

    f. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours [sic], but less than or equal to six (6) hours";

    g. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours";

    h. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of five (5) hours";

i. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendant";

j. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period"; and

k. "All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who were deducted wages for meal periods."

22. On the basis of its own investigation, Defendant has determined, and hereby alleges, that there are more than 100 putative class members during the period beginning on the date four (4) years before the filing of the Class Action Complaint through to the time of filing of this Notice of Removal. Therefore, the proposed class consists of a least 100 members.

## C.

**The Amount In Controversy Exceeds The $5,000,000 Required Under CAFA**

23. Without making any admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of herself and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

24. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee*, 135 S. Ct. at 554. Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id*. A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*,

863 F. Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by setting forth a plausible allegation in the notice of removal that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *See Dart Cherokee*, 135 S. Ct. at 554 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations").

25. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). By demonstrating that the actual amount in controversy exceeds the threshold, Defendant does not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will recover anything.

26. "In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation omitted) (internal brackets omitted). "In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe . . . ." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010); *see Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (citation omitted)).

27. Defendant provides the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction. Defendant makes no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor does Defendant waive their right to

ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

28. Plaintiff's alleged waiting time penalties and attorneys' fees are calculated as follows:

29. **Waiting Time Penalties:** Plaintiff alleges that Defendant "did not timely pay [Plaintiff] her meal and/or rest period premiums owed at the time of her termination" and "did not pay all timely wages owed at the time of their termination" to putative class members whose employment with Defendant ended. Exhibit A (Class Action Complaint) ¶¶ 124–25. As such, Plaintiff claims that she and the Putative Class "are entitled to thirty (30) days' worth of wages a penalty under Labor Code section 203 . . . ." *Id.* ¶ 130.

30. Based on Defendant's investigation and records, approximately 2,085 putative class members' employment with Defendant ended within three years of the filing of Plaintiff's Complaint.

31. The minimum wage in California was $10.00 on October 5, 2015, three years prior to the filing of Plaintiff's Complaint and the start of the limitations period for this cause of action.

32. For purposes of ensuring the most conservative calculation of damages for waiting time penalties, Defendant assumes that each of the approximately 2,805 former employees in the Proposed Class were paid at a regular rate of pay equal to California's minimum wage at the start of the limitations period (*i.e.*, $10.00), and worked only five hours a day. Plaintiff's claim for waiting time penalties place, at minimum, approximately $4,207,500 in controversy:

2,805 [hourly, non-exempt employees whose employment ended]

x $10.00 [California's minimum wage in 2014]

x 5 [hours of work per day]

x 30 [days of waiting time]

= **$4,207,500**.

33. **Attorneys' Fees:** Plaintiff seeks to recover attorneys' fees, including on her waiting time penalties claim. *See* Exhibit A (Class Action Complaint) ¶ 130 (seeking waiting time penalties "together with interest thereon and attorneys' fees and costs"); *id.*, Prayer For Relief ¶ 16 (seeking attorneys' fees generally). Plaintiff's claim for attorneys' fees must be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Typically, courts use a 25 percent benchmark when calculating the attorney's fees in controversy for purposes of CAFA. *See, e.g.*, *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465 at *6–7 (N.D. Cal. Mar. 1, 2012); *Marshall v. G2 Secure Staff, LLC*, No. 2:14-cv-04322-ODW(MANx), 2014 WL 3506608 at *3 (C.D. Cal. July 14, 2014); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304 at *4 (S.D. Cal. Aug. 4, 2014).

34. For purposes of ensuring the most conservative calculation of attorneys' fees, Defendant uses the standard 25 percent benchmark and assume that Plaintiff will only recover attorneys' fees based on the waiting time penalties calculated in Paragraph 32. Plaintiff's claim for attorneys' fees place, at minimum, $1,051,875 in controversy:

$4,207,500 [waiting time penalties]

x 0.25 [standard benchmark used for removal]

= **$1,051,875**.

35. **Total:** The total amount in controversy based solely on Plaintiff's claim for waiting time penalties and attorneys' fees is $5,259,375:

$4,207,500 [waiting time penalties]

+ $1,051,875 [attorneys' fees]

= $**5,259,375**.

36. Again, this is a conservative calculation of the amount in controversy

1   and assumes, for purposes of calculating waiting time penalties, that putative class
2   members were paid at a sum equal to California's minimum wage at the start of the
3   three-year limitations period.  It also assumes that they worked only five hours per
4   day.  This conservative calculation does not account for Plaintiff's claims for failure
5   to pay straight time; failure to pay overtime; failure to provide meal periods; failure
6   to authorize rest periods; penalties for inaccurate wage statements; or restitution and
7   disgorgement of profits under California's Unfair Competition Law.  *See* Exhibit A
8   (Class Action Complaint), Prayer For Relief ¶¶ 1–16.  These claims will increase
9   the amount in controversy even further past the jurisdictional threshold.

10         37.   Finally, Defendant is justified in using a 100 percent violation rate in
11   computing the amount in controversy based on the nature of the pleaded claims.
12   *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal.
13   2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in
14   controversy when the complaint does not allege a more precise calculation."); *see*
15   *also Alvarez v. Ltd. Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL 2317125
16   at *9 (S.D. Cal. Aug. 8, 2007) (allegations that "extreme workload" made it
17   "'virtually impossible' for defendant's employees to take meal periods and rest
18   breaks" warrants 100 percent violation rate assumption); *Sanchez v. Russell Sigler,*
19   *Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359 at *6 (C.D. Cal. Apr. 28,
20   2015) ("Defendant's use of a 100% violation rate is proper in this case because
21   Plaintiff's complaint alleges universal deprivation of meal and rest periods.").
22   Here, Plaintiff's Complaint alleges that due to Defendant's "business model
23   . . . Non-Exempt Employees *are not able to take meal periods*."  Exhibit A (Class
24   Action Complaint) ¶ 98 (emphasis added).  Plaintiff also claims that "[t]hroughout
25   the statutory period, [Defendant] had a pattern and practice of assigning too much
26   work to be completed in too short of time frames, resulting in Plaintiff and those
27   similarly situated *not being able to take rest periods*."  *Id.* ¶ 110 (emphasis added).
28   Here, because Plaintiff complains that Defendant had a pattern and practice of

Case No.   - 12 -   DEFENDANT BLUE APRON, LLC'S NOTICE OF REMOVAL

failing to provide/authorize meal and rest periods, it is reasonable to assume a 100 percent violation rate for the waiting time penalties claim, which is derivative of the meal and rest period claims.

38.     A 100 percent violation rate in computing the amount in controversy is particularly appropriate considering that the amount in controversy only takes into account one of Plaintiff's seven causes of actions.  Thus, as Defendant's calculations already assume a lower than 100 percent violation rate, further discounting of the amount in controversy is not justified.

39.     Based on the foregoing, Defendant alleges that the amount placed in controversy by Plaintiff is now at the time of this removal, and was at the institution of this civil action, greater than the jurisdictional amount of $5,000,000 required by CAFA.

## D.

## No CAFA Exceptions Apply

40.     CAFA contains a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. section 1332(d)(3)-(5).  However, none of these exceptions are applicable here.

41.     The first is a discretionary exception based on the number of putative class members found in the state where the action was filed.  28 U.S.C. § 1332(d)(3).  However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed."  Here, the action was originally filed in California and, as described above, Defendant is not a citizen of California.  Thus, this exception does not apply.

42.     Similarly, 28 U.S.C. section 1332(d)(4) contains two further exceptions to CAFA's grant of jurisdiction, based on the number of putative class members in the state in which the action was filed.  However, this exception, too, only applies where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed."  28 U.S.C.

§§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B). Given that this action was originally filed in California, and Defendant is not a California citizen, these exceptions also do not apply.

43. Finally, 28 U.S.C. section 1332(d)(5) presents two additional exceptions for defendants who are government entities or for putative classes which number less than 100 in the aggregate. 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that Defendant is not a governmental entity, and the proposed class exceeds 100 members, these exceptions also do not apply.

## IV.
## **TIMELINESS OF REMOVAL**

44. Under 28 U.S.C. section 1446(b)(1), a notice of removal is timely if it is filed with 30 days of the defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which the removed action is based. The 30-day window does not begin to run until formal service of a summons and complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Defendant was served with a summons and copy of Plaintiff's Complaint on October 19, 2018. Therefore, this Notice of Removal, filed on November 19, 2018, is timely.

## V.
## **JOINDER**

45. Defendant is not aware of any other defendant that exists and who has been named in the Class Action Complaint or who has been served with a summons and the Class Action Complaint.

## VI.
## **VENUE**

46. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c) and 1391.

# VII.

## NOTICE TO PLAINTIFF

47. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Alameda.

48. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders served upon such Defendant" or filed by Defendant are attached hereto as exhibits, including the Class Action Complaint (**Exhibit A**); the Summons (**Exhibit B**); the Civil Cover Sheet (**Exhibit C**); the Notice of Hearing (**Exhibit D**); the Proofs of Service on Complaint (**Exhibit E**); and Defendant's Answer to Plaintiff's Complaint (**Exhibit F**).

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court of the State of California, County of Alameda, to this Court.

Dated: November 19, 2018                McDERMOTT WILL & EMERY LLP

By /s/ Ronald J. Holland
RONALD J. HOLLAND
ELLEN M. BRONCHETTI
PHILIP SHECTER

Attorneys for Defendant
BLUE APRON, LLC

Case No.  - 15 -  DEFENDANT BLUE APRON, LLC'S NOTICE OF REMOVAL