# Exhibit A

21024774

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
   Jamie Serb, Esq. (289601)
2  Tony Roberts, Esq. (315595)
   **THE TURLEY & MARA LAW FIRM, APLC**
3  7428 Trade Street
   San Diego, California 92121
   Telephone: (619) 234-2833
4  Facsimile: (619) 234-4048

5  Attorneys for RASHIDA FAIRLEY, on behalf of herself,
   all others similarly situated, and on behalf of the general public.

6

**FILED**
**ALAMEDA COUNTY**

OCT - 5 2018

CLERK OF THE SUPERIOR COURT
By _____
                          DEPUTY

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA
8              IN AND FOR THE COUNTY OF ALAMEDA

RG 18 923 596

8  RASHIDA FAIRLEY on behalf of herself,        Case No.
   all others similarly situated, and on behalf
9  of the general public,                        **PLAINTIFF'S CLASS ACTION**
                                                 **COMPLAINT FOR DAMAGES,**
10 Plaintiffs,                                   **INJUNCTIVE RELIEF, DECLARATORY**
                                                 **RELIEF, AND RESTITUTION**
11 v.

12                                               1) **Failure to Pay All Straight Time**
   BLUE APRON, LLC; BLUE APRON,                      **Wages;**
13 INC.; and DOES 1-100,                         2) **Failure to Pay All Overtime Wages;**

14 Defendants.                                   3) **Failure to Provide Meal Periods (Lab.**
                                                    **Code §§ 226.7, 512, IWC Wage Order**
15                                                  **No. 9-2001(11); Cal. Code Regs., tit. 8**
                                                    **§ 11090);**
16
                                                 4) **Failure to Authorize and Permit Rest**
17                                                  **Periods (Lab. Code § 226.7; IWC**
                                                    **Wage Order No. 9-2001(12); Cal.**
18                                                  **Code Regs. Title 8 § 11090);**

19                                               5) **Knowing and Intentional Failure to**
                                                    **Comply with Itemized Employee**
20                                                  **Wage Statement Provisions (Lab.**
                                                    **Code §§ 226, 1174, 1175);**
21
                                                 6) **Failure to Pay All Wages Due at the**
22                                                  **Time of Termination of Employment**
                                                    **(Lab. Code §§201-203); and**
23
                                                 7) **Violation of Unfair Competition Law**
24                                                  **(Bus. & Prof. Code § 17200, et seq.).**

25                                               **DEMAND FOR JURY TRIAL**

26

27

28

CLASS ACTION COMPLAINT                    1

**BY FAX**

1   Plaintiff RASHIDA FAIRLEY, on behalf of herself, all others similarly situated, and on behalf of

2   the general public, complains of Defendants BLUE APRON, LLC, BLUE APRON, INC.

3   (collectively "BLUE APRON") and/or DOES and for causes of action and alleges:

4   1.   This is a class action pursuant to California Code of Civil Procedure section 382 on behalf

5         of Plaintiff, RASHIDA FAIRLEY, and all non-exempt, hourly workers who are presently

6         or formerly employed by BLUE APRON and/or DOES and/or their subsidiaries or

7         affiliated companies and/or predecessors within the State of California.

8   2.   At all times mentioned herein, BLUE APRON and/or DOES have conducted business in

9         Alameda County and elsewhere within California.

10  3.   At all times mentioned herein, BLUE APRON and/or subsidiaries or affiliated companies

11        and/or DOES, within the State of California, have, among other things, employed current

12        and former non-exempt employees.

13  4.   At all times mentioned herein, the common policies and practices of BLUE APRON and/or

14        DOES were a direct cause of Defendant's and/or DOES' failure to comply with

15        California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set

16        forth more fully within.

17  5.   For at least four (4) years prior to the filing of this action and through to the present,

18        Defendant BLUE APRON and/or DOES have had a consistent policy and/or practice of

19        not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked.

20  6.   For at least four (4) years prior to the filing of this action and through to the present,

21        Defendant BLUE APRON and/or DOES have had a continuous and widespread policy of

22        not paying Plaintiff and those similarly situated for all hours they worked, including before

23        clocking in for their work shift, after clocking out for their work shift, and during unpaid

24        meal periods. Further, Defendant BLUE APRON and/or DOES have had a continuous and

25        widespread policy to shave the time Plaintiff and those similarly situated worked (referred

26        to as "time shaving").

27  7.   For at least four (4) years prior to the filing of this action and through to the present,

28        Defendant BLUE APRON and/or DOES have had a continuous and widespread policy of

1  "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods,

2  even though Plaintiff and those similarly situated were suffered and/or permitted to work

3  during these deduction periods, thereby deducting thirty (30) minutes of paid time,

4  including straight time and overtime.

5  8.  For at least four (4) years prior to the filing of this action and through to the present,

6  Defendant BLUE APRON and/or DOES have had a consistent policy and/or practice of

7  failing to provide all straight time and overtime wages owed to Non-Exempt Employees,

8  as mandated under the California Labor Code and the implementing rules and regulations

9  of the Industrial Welfare Commission's ("IWC") California Wage Orders.

10  9.  For at least four (4) years prior to the filing of this action and through to the present,

11  Defendant BLUE APRON and/or DOES have had a consistent policy of requiring Non-

12  Exempt Employees within the State of California, including Plaintiff, to work through meal

13  periods and work at least five (5) hours without a meal period and failing to pay such

14  employees one (1) hour of pay at the employees' regular rate of compensation for each

15  workday that the meal period is not provided, or other compensation, as required by

16  California's state wage and hour laws, and automatically deducting a half hours pay from

17  their wages.

18  10.  For at least four (4) years prior to filing of this action and through the present, Defendant

19  BLUE APRON and/or DOES did not have a policy of allowing its hourly employees

20  working shifts of ten (10) or more hours in a day to take a second meal period of not less

21  than thirty (30) minutes as required by the applicable Wage Order of the IWC.

22  11.  For at least four (4) years prior to the filing of this action and through to the present,

23  Defendant BLUE APRON and/or DOES have had a consistent policy of requiring Non-

24  Exempt Employees within the State of California, including Plaintiff, to work over ten (10)

25  hours without providing an additional, uninterrupted meal period of thirty (30) minutes and

26  failing to pay such employees one (1) hour of pay at the employees' regular rate of

27  compensation for each workday that the meal period is not provided, or other

28  compensation, as required by California's state wage and hour laws.

CLASS ACTION COMPLAINT                3

12.   For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

13.   For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

14.   For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendant BLUE APRON and/or DOES employ or who were terminated.

15.   For at least four (4) years prior to the filing of this action and through to the present, BLUE APRON and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

16.   Throughout the statutory period, BLUE APRON's and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

17.   Throughout the statutory period, BLUE APRON and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

CLASS ACTION COMPLAINT                    4

18. BLUE APRON and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

19. BLUE APRON and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

20. BLUE APRON's and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of BLUE APRON's and/or DOES' duty owed to Plaintiff and the proposed class.

21. Throughout the statutory period, BLUE APRON's and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

22. Defendant BLUE APRON and/or DOES are and were aware that Plaintiff and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendant BLUE APRON's and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and deliberate.

23. Defendant BLUE APRON and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiff and the proposed class, creating a joint-employer relationship over Plaintiff and the proposed class.

24. Plaintiff RASHIDA FAIRLEY, on behalf of herself and all of BLUE APRON's and/or DOES' Non-Exempt Employees, brings this action pursuant to California Labor Code sections 218, 218.5, 222, 223, 224, 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, 1197, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid

1    wages, overtime, meal and rest period compensation, penalties, injunctive and other

2    equitable relief, and reasonable attorneys' fees and costs.

3  25.   Plaintiff RASHIDA FAIRLEY, on behalf of herself and all putative Class members made

4    up of BLUE APRON's and/or DOES' non-exempt employees, pursuant to California

5    Business and Professions Code sections 17200-17208, also seeks injunctive relief,

6    restitution, and disgorgement of all benefits BLUE APRON and/or DOES enjoyed from

7    their failure to pay all straight time wages, overtime wages, and meal and rest period

8    compensation.

9  **I.   VENUE**

10  26.   Venue as to each Defendant, BLUE APRON and/or DOES, is proper in this judicial

11    district, pursuant to Code of Civil Procedure section 395. Defendant BLUE APRON and/or

12    DOES conduct business and commit Labor Code violations within Alameda County, and

13    each Defendant and/or DOE is within California for service of process purposes. The

14    unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated

15    within the State of California and within Alameda County. Defendant BLUE APRON

16    and/or DOES employ numerous Class members who work in Alameda County, in

17    California.

18  **II.   PARTIES**

19  **A.   Plaintiffs.**

20  27.   At all relevant times, herein, Plaintiff RASHIDA FAIRLEY is and was a resident of

21    California. At all relevant times, herein, she was employed by Defendant BLUE APRON

22    and/or DOES within the last four (4) years as a non-exempt, hourly warehouse worker in

23    California.

24  28.   On information and belief, Plaintiff and all other members of the proposed class

25    experienced Defendant BLUE APRON's and/or DOES' common company policies of

26    failing to pay all straight time and overtime wages owed.

27  29.   On information and belief, Plaintiff and all other members of the proposed class

28    experienced Defendant BLUE APRON's and/or DOES' common company policies of

1  illegally deducting wages from employees for meal periods during which they were

2  performing work.

3  30.  On information and belief, Plaintiff and all other members of the proposed class

4  experienced Defendant BLUE APRON's and/or DOES' common company policies and/or

5  practices of failing to pay all straight time and overtime wages owed, and failing to provide

6  compliant meal periods to employees before the end of their fifth hour of work or a second

7  meal period before the end of the tenth hour or work, or compensation in lieu thereof.

8  31.  On information and belief, Plaintiff and all other members of the proposed class

9  experienced Defendant BLUE APRON's and/or DOES' common company policies of

10  failing to provide ten (10) minute paid rest breaks to employees whom worked four (4)

11  hours or major fractions thereof.

12  32.  On information and belief, Plaintiff and all other members of the proposed class

13  experienced Defendant BLUE APRON's and/or DOES' common company policies of

14  failing to provide Non-Exempt Employees with accurate itemized wage statements. On

15  information and belief, Defendants and/or DOES failure to provide to their Non-Exempt

16  Employees, including Plaintiff, with accurate itemized wage statements was willful.

17  33.  On information and belief, Plaintiff and all other members of the proposed class

18  experienced Defendant BLUE APRON's and/or DOES' common company policies of

19  failing to timely compensate Non-Exempt Employees all wages owed upon termination.

20  On information and belief, Defendant's and/or DOES' failure to pay, in a timely manner,

21  compensation owed to Non-Exempt Employees, including Plaintiff, upon termination of

22  their employment with BLUE APRON and/or DOES was willful.

23  34.  On information and belief, Plaintiff and all other members of the proposed class

24  experienced Defendant BLUE APRON's and/or DOES' fraudulent and deceptive business

25  practices within the meaning of the Business and Professions Code section 17200, et seq.

26  35.  Plaintiff and the proposed class are covered by, inter alia, California IWC Occupational

27  Wage Order No. 9-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

28  ///

CLASS ACTION COMPLAINT                    7

**B.**   **Defendants**.

36.   At all relevant times herein, BLUE APRON and/or DOES engage in the ownership and operation of facilities in the State of California.

37.   "Each week [Blue Apron] send[s] hundreds of thousands of customers all the pre-measured and perfectly proportioned ingredients they need to prepare delicious and healthy meals at home." BLUE APRON, https://www.blueapron.com/, last visited October 4, 2018.

38.   "Blue Apron has expanded tremendously and as a team, [and] work[s] every day to live and breathe [its] mission. [Blue Apron] send[s] over 8 million meals per month to our home chefs nationwide, and [has] thousands of employees that work across four offices to ensure each customer gets the highest quality product every week." *Id.*

39.   Blue Apron claims that it holds its values are "we win together, not alone; we operate with integrity" and boasts "we are accountable." *Id.*

40.   If Blue Apron truly does operate with integrity and it accountable, the it will pay its employees all of their hard-earned wages.

41.   On information and belief, BLUE APRON and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

42.   BLUE APRON and/or DOES principal place of business is in the State of California.

43.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

44.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or

CLASS ACTION COMPLAINT                        8

1   DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto,

2   and the acts of each Defendants and/or DOES are legally attributable to the other

3   Defendants and/or DOES.

4   **III.   CLASS ACTION ALLEGATIONS**

5   45.   Plaintiff brings this action on behalf of herself and all others similarly situated as a class

6   action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to

7   represent a Class composed of and defined as follows:

8

9          All persons who are employed or have been employed by Defendant

10          in the State of California as hourly, Non-Exempt workers during the

11          period of the relevant statute of limitations.

12

13   Plaintiff also seeks to represent subclasses composed of and defined as follows:

14

15          All persons who are or have been employed by BLUE APRON

16          and/or DOES in the State of California as hourly, Non-Exempt

17          workers during the period of the relevant statute of limitations, who

18          worked one (1) or more shifts in excess of five (5) hours.

19

20          All persons who are or have been employed by BLUE APRON

21          and/or DOES in the State of California as hourly, Non-Exempt

22          workers during the period of the relevant statute of limitations, who

23          worked one (1) or more shifts in excess of six (6) hours.

24

25          All persons who are or have been employed by BLUE APRON

26          and/or DOES in the State of California as hourly, Non-Exempt

27          workers during the period of the relevant statute of limitations, who

28          worked one (1) or more shifts in excess of ten (10) hours.

CLASS ACTION COMPLAINT                    9

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of twelve (12) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

CLASS ACTION COMPLAINT                    10

1     All persons who are or have been employed by BLUE APRON

2     and/or DOES in the State of California as hourly, Non-Exempt

3     workers during the period of the relevant statute of limitations, who

4     separated their employment from Defendant.

5

6     All persons who are or have been employed by BLUE APRON

7     and/or DOES in the State of California as hourly, Non-Exempt

8     workers during the period of the relevant statute of limitations, who

9     worked one (1) or more shifts in which they received a wage

10    statement for the corresponding pay period.

11

12    All persons who are or have been employed by BLUE APRON

13    and/or DOES in the State of California as hourly, Non-Exempt

14    workers during the period of the relevant statute of limitations, who

15    were deducted wages for meal periods.

16

17  46.  Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to

18       amend or modify the Class description with greater specificity or further division into

19       subclasses or limitation to particular issues.

20  47.  This action has been brought and may properly be maintained as a class action under the

21       provisions of section 382 of the California Code of Civil Procedure because there is a well-

22       defined community of interest in the litigation and the proposed Class is easily

23       ascertainable.

24  A.   **Numerosity.**

25  48.  The potential members of the Class as defined are so numerous that joinder of all the

26       members of the Class is impracticable. While the precise number of Class members has

27       not been determined at this time, Plaintiff is informed and believes that BLUE APRON

28       and/or DOES currently employ, and during the liability period employed, over one hundred

1     (100) employees, all in the State of California, in positions as hourly non-exempt

2     employees.

3   49.    Accounting for employee turnover during the relevant periods increases this number

4     substantially. Upon information and belief, Plaintiff alleges BLUE APRON's and/or

5     DOES' employment records will provide information as to the number and location of all

6     Class members. Joinder of all members of the proposed Class is not practicable.

7

8   **B.**    **Commonality.**

9   50.    There are questions of law and fact common to the Class that predominate over any

10     questions affecting only individual Class members. These common questions of law and

11     fact include, without limitation:

12          (1)     Whether BLUE APRON and/or DOES violated the Labor

13       Code and/or applicable IWC Wage Orders in failing to pay its non-exempt

14       workers all earned wages at the regular rate for all hours worked.

15          (2)     Whether BLUE APRON's and/or DOES' uniform policies

16       and/or practices whereby non-exempt workers were pressured and/or

17       incentivized to forego taking meal and/or rest periods.

18          (3)     Whether BLUE APRON and/or DOES violated Labor Code

19       section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage

20       Orders, and/or California Code of Regulations, Title 8, section 11090, by

21       failing to authorize, permit, and/or provide rest periods to its hourly, non-

22       exempt employees for every four (4) hours or major fraction thereof worked

23       and/or failing to pay said employees one (1) hour of pay at the employee's

24       regular rate of compensation for each work day that the rest period was not

25       authorized, permitted and/or provided.

26          (4)     Whether BLUE APRON and/or DOES willfully failed to

27       pay, in a timely manner, wages owed to members of the proposed Class who

28       left BLUE APRON's and/or DOES' employ or who were terminated.

CLASS ACTION COMPLAINT         12

1     (5)     Whether BLUE APRON and/or DOES violated Labor Code

2     section 203, which provides for the assessment of a penalty against the

3     employer, by willfully failing to timely pay all wages owed to employees

4     who left BLUE APRON's and/or DOES' employ or who were terminated.

5     (6)     Whether BLUE APRON and/or DOES had uniform policies

6     and/or practices of failing to provide employees accurate and itemized wage

7     statements.

8     (7)     Whether BLUE APRON and/or DOES had uniform policies

9     and/or practices of failing to timely pay all wages owed to employees who

10     left BLUE APRON's and/or DOES' employ or who were terminated.

11   51.   The answer to each of these respective questions will generate a common answer capable

12     of resolving class-wide liability in one stroke.

13   52.   Said common questions predominate over any individualized issues and/or questions

14     affecting only individual members.

15   **C.   Typicality.**

16   53.   The claims of the named Plaintiff are typical of the claims of the proposed class.  Plaintiff

17     and all members of the proposed class sustained injuries and damages arising out of and

18     caused by BLUE APRON's and/or DOES' common course of conduct in violation of laws

19     and regulations that have the force and effect of law and statutes as alleged.

20   54.   Plaintiff RASHIDA FAIRLEY was subjected to the same uniform policies and/or practices

21     complained of herein that affected all such employees. Thus, as RASHIDA FAIRLEY was

22     subjected to the same unlawful policies and practices as all hourly non-exempt employees,

23     his claims are typical of the class she seeks to represent.

24   **D.   Adequacy of Representation.**

25   55.   Plaintiff will fairly and adequately represent and protect the interests of the members of the

26     Class.

27   56.   Plaintiff is ready and willing to take the time necessary to help litigate this case.

28   57.   Plaintiff has no conflicts that will disallow her to fairly and adequately represent and

CLASS ACTION COMPLAINT                    13

1    protect the interests of the members of the Class.

2    58.   Counsel who represent Plaintiff are competent and experienced in litigating large

3    employment class actions.

4    59.   Specifically, William Turley, Esq., David Mara, Esq., Jamie Serb, Esq., Tony Roberts,

5    Esq., and Alexandra Shipman, Esq. are California lawyers in good standing.

6    60.   Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a

7    featured speaker on many ACI Wage and Hour Class Action presentations and Consumer

8    Attorney of California Wage and Hour Class Action presentations.

9    61.   Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

10   62.   Mr. Turley and Mr. Mara wrote winning amicus briefs in two very worker friendly

11   California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257

12   and *Williams v. Superior Court* (decided July 13, 2017).

13   63.   Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected

14   to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr.

15   Turley is currently on and has been a member of the Consumer Attorneys of California

16   Amicus Curie Committee for over 20 years.

17   64.   Mr. Turley has had over 100 legal articles published, including some on California Labor

18   Code.

19   65.   Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme

20   Court case, Brinker v. Superior Court and have been appointed as class counsel in many

21   California wage and hour cases, in both State Court and Federal Court.

22   66.   Mr. Turley testified before the California Senate in a committee hearing on September 3,

23   2015, regarding the new piece-rate bill, California Labor Code § 226.2.

24   67.   On April 12, 2016 and April 20, 2016, Mr. Turley testified in front of the California Senate

25   regarding an amendment to California Labor Code §§ 2698, *et seq*, the "Private Attorneys

26   General Act" or "PAGA." Furthermore, Mr. Turley also participated in drafting the new

27   amendment to PAGA.

28   68.   The Turley & Mara Law Firm, APLC have the resources to take this case to trial and

CLASS ACTION COMPLAINT                    14

1  judgment, if necessary.

2  69.  Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously

3       prosecute this case.

4  **E.   Superiority of Class Action.**

5  70.  A class action is superior to other available means for the fair and efficient adjudication of

6       this controversy. Individual joinder of all Class members is not practicable, and questions

7       of law and fact common to the Class predominate over any questions affecting only

8       individual members of the Class. Each member of the Class has been damaged and is

9       entitled to recovery by reason of BLUE APRON's and/or DOES' illegal policies and/or

10      practices of failing to pay all straight time and overtime wages owed, failing to permit or

11      authorize rest periods, failing to provide meal periods, knowingly and intentionally failing

12      to comply with wage statement requirements, and failing to pay all wages due at

13      termination.

14 71.  Class action treatment will allow those similarly situated persons to litigate their claims in

15      the manner that is most efficient and economical for the parties and the judicial system.

16      Plaintiff is unaware of any difficulties that are likely to be encountered in the management

17      of this action that would preclude its maintenance as a class action.

18 72.  Because such common questions predominate over any individualized issues and/or

19      questions affecting only individual members, class resolution is superior to other methods

20      for fair and efficient adjudication.

21

22 **IV.  CAUSES OF ACTION**

23 **First Cause of Action Against BLUE APRON and/or DOES: Failure to Pay All Straight Time Wages**

24 73.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

25      and every other paragraph in this Complaint herein as if fully plead.

26 74.  Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those

27      similarly situated for all hours worked.

28

CLASS ACTION COMPLAINT                        15

75. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

76. Plaintiff and those similarly situated Class members were employed by BLUE APRON and/or DOES at all relevant times. BLUE APRON and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

77. Defendant and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods. Thus, BLUE APRON and/or DOES do not pay Plaintiff and each and every member of the Class for all time worked each and every day they work without a meal period and have time deducted.

78. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that BLUE APRON and/or DOES breached the legal duty to pay full wages to Plaintiff by deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicate that a meal period was not taken. BLUE APRON and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and Class members. BLUE APRON and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging,"

1    "shaving," or "scrubbing" and is prohibited by law.

2    79.    Defendant and/or DOES have a continuous and consistent policy of not paying Plaintiff

3           and those similarly situated for all time worked, including before Plaintiff and those

4           similarly situated clock in for work shifts and after they clock out after work shifts.

5    80.    Defendant and/or DOES have a continuous and consistent policy of shaving the time

6           Plaintiff and those similarly situated work (referred to as "time shaving").

7    81.    Thus, BLUE APRON and/or DOES shave/steal earned wages from Plaintiff and each and

8           every member of the Class each and every day they work. BLUE APRON and/or DOES

9           have not paid Plaintiff and the members of the Class all straight time wages owed.

10   82.    Plaintiff and the Class members are informed and believe and thereon allege that as a direct

11          result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the

12          Class members have suffered, and continue to suffer, substantial unpaid wages, and lost

13          interest on such wages, and expenses and attorneys' fees in seeking to compel BLUE

14          APRON and/or DOES to fully perform their obligations under state law, all to their

15          respective damage in amounts, according to proof at trial.

16   83.    As a direct result of BLUE APRON's and/or DOES' policy of illegal wage theft, Plaintiff

17          and those similarly situated have been damaged in an amount to be proven at trial.

18   84.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

19          below.

20

21   **Second Cause of Action Against BLUE APRON and/or DOES: Failure to Pay All Overtime Wages**

22   85.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

23          and every other paragraph in this Complaint herein as if fully plead.

24   86.    It is fundamental that an employer must pay its employees for all time worked. California

25          Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

26          Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section

27          223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section

28

CLASS ACTION COMPLAINT                    17

1    1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only

2    permits deductions from wages when the employer is required or empowered to do so by

3    state or federal law or when the deduction is expressly authorized in writing by the

4    employee for specified purposes that do not have the effect of reducing the agreed upon

5    wage.

6    87.    BLUE APRON and/or DOES failed to pay overtime when employees worked over eight

7    (8) hours per day and when employees worked over forty (40) hours per week.

8    88.    Plaintiff and those similarly situated Class members were employed by BLUE APRON

9    and/or DOES at all relevant times. BLUE APRON and/or DOES were required to

10   compensate Plaintiff for all overtime hours worked and were prohibited from making

11   deductions that had the effect of reducing the agreed upon wage.

12   89.    BLUE APRON and/or DOES failed to pay for the overtime that was due, pursuant to IWC

13   Wage Order No. 9-2001, item 3(A).

14   90.    Plaintiff and the Class members are informed and believe and thereon allege that as a direct

15   result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the

16   Class members have suffered, and continue to suffer, substantial unpaid overtime wages,

17   and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to

18   compel BLUE APRON and/or DOES to fully perform their obligations under state law, all

19   to their respective damage in amounts according to proof at time of trial. BLUE APRON

20   and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful

21   and deliberate intention on injuring Plaintiff and the Class members. BLUE APRON and/or

22   DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's

23   rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by

24   law.

25   91.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

26   below.

27   ///

28   ///

CLASS ACTION COMPLAINT                    18

**Third Cause of Action Against BLUE APRON and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

92.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

93.   Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

94.   In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

95.   Under California Labor Code section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

96.   BLUE APRON and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, BLUE APRON and/or DOES non-exempt employees were required to work over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

97.   BLUE APRON and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

98.   BLUE APRON's and/or DOES' business model is such that Non-Exempt Employees were assigned too much work and insufficient help due to chronic understaffing to be able to

1    take meal periods. Thus, Non-Exempt Employees are not able to take meal periods.

2    99.    Throughout the statutory period, BLUE APRON and/or DOES had a pattern and practice

3    of assigning too much work to be completed in too short of time frames, resulting in

4    Plaintiff and those similarly situated not being able to take meal periods.

5    100.    BLUE APRON and/or DOES would not permit Plaintiff and the Class to take 30-minute

6    meal periods unless specifically scheduled by Defendant and/or DOES or unless Plaintiff

7    and the Class were expressly told to by Defendant and/or DOES. This routinely resulted in

8    Plaintiff and the Class members not being able to take a meal period, if at all, until after

9    the fifth hour.

10    101.    BLUE APRON and/or DOES did not have a policy of providing a second meal period

11    .     before the end of the tenth hour.

12    102.    Failing to provide compensation for such unprovided or improperly provided meal periods,

13    as alleged above, BLUE APRON and/or DOES willfully violated the provisions of Labor

14    Code sections 226.7, 512, and IWC Wage Order No. 9.

15    103.    As a result of the unlawful acts of BLUE APRON and/or DOES, Plaintiff and the Class

16    she seeks to represent have been deprived of premium wages, in amounts to be determined

17    at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

18    attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No.

19    9-2001. Plaintiff and the Class she seeks to represent did not willfully waive their right to

20    take meal periods through mutual consent with BLUE APRON and/or DOES.

21    104.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

22    below.

23

24    **Fourth Cause of Action Against BLUE APRON and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal.**

25    **Code Regs. Title 8 § 11090)**

26    105.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

27    .     and every other paragraph in this Complaint herein, as if fully plead.

28    106.    Under IWC Wage Order No. 9, every employer shall authorize and permit all employees

CLASS ACTION COMPLAINT                20

to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

107. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

108. At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

109. In the alternative, BLUE APRON and/or DOES business model was such that Non-Exempt Employees were assigned too much work with insufficient help due to chronic understaffing whereby Plaintiff and the Class had to work through their rest periods.

110. Throughout the statutory period, BLUE APRON and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not being able to take rest periods.

111. As a result of the unlawful acts of BLUE APRON and/or DOES, Plaintiff and the Class she seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001.

112. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

///
///
///
///

**Fifth Cause of Action Against BLUE APRON and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11040)**

113. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead..

114. Labor Code section 226 subdivision (a) requires Defendant and/or DOES to, inter alia, itemize in wage statements and accurately report the total hours worked and total wages earned. BLUE APRON and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff RASHIDA FAIRLEY and members of the proposed Class.

115. Labor Code section 1174 requires BLUE APRON and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. BLUE APRON and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174. The failure of BLUE APRON and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

116. BLUE APRON and/or DOES failed to maintain accurate time records - as required by IWC Wage Order No. 9-2001(7), and Cal. Code Regs., Title 8 section 11090 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made..

117. BLUE APRON and/or DOES have knowingly and intentionally failed to provide Plaintiff and the Class members with accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours worked by the employee, . . .(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,

CLASS ACTION COMPLAINT                    22

1     (8) the name and address of the legal entity that is the employer and, if the employer is a

2     farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address

3     of the legal entity that secured the services of the employer, and (9) all applicable hourly

4     rates in effect during the pay period and the corresponding number of hours worked at each

5     hourly rate by the employee[.]" Labor Code section 226(a).

6     118.   As a direct result of BLUE APRON and/or DOES unlawful acts, Plaintiff and the Class he

7            intends to represent have been damaged and are entitled to recovery of such amounts, plus

8            interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

9     119.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

10           below.

11

12    **Sixth Cause of Action Against BLUE APRON and/or DOES: Failure to Pay All
      Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

13    120.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

14           and every other paragraph in this Complaint herein as if fully plead.

15    121.   Plaintiff RASHIDA FAIRLEY terminated her employment with BLUE APRON and/or

16           DOES.

17    122.   Whether Plaintiff RASHIDA FAIRLEY voluntarily or involuntarily terminated

18           her employment with BLUE APRON and/or DOES, Defendant and/or DOES did not timely

19           pay her straight time wages owed at the time of her termination.

20    123.   Whether Plaintiff RASHIDA FAIRLEY voluntarily or involuntarily terminated her

21           employment with BLUE APRON and/or DOES, Defendant and/or DOES did not timely

22           pay her overtime wages owed at the time of her termination.

23    124.   Whether Plaintiff RASHIDA FAIRLEY voluntarily or involuntarily terminated his

24           employment with BLUE APRON and/or DOES, Defendant and/or DOES did not timely

25           pay her meal and/or rest period premiums owed at the time of her termination.

26    125.   Numerous members of the Class are no longer employed by BLUE APRON and/or DOES.

27           They were either fired or quit BLUE APRON's and/or DOES' employ. BLUE APRON

28

CLASS ACTION COMPLAINT                           23

1    and/or DOES did not pay all timely wages owed at the time of their termination. BLUE

2    APRON and/or DOES did not pay all premium wages owed at the time of their termination.

3    126.   Labor Code section 203 provides that, if an employer willfully fails to pay, without

4    abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5,

5    any wages of an employee who is discharged or who quits, the wages of the employee shall

6    continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or

7    until an action therefore is commenced.

8    127.   BLUE APRON and/or DOES failed to pay Plaintiff RASHIDA FAIRLEY a sum certain

9    at the time of her termination or within seventy-two (72) hours of her resignation, and have

10   failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor

11   Code section 203, Plaintiff RASHIDA FAIRLEY is entitled to a penalty in the amount of

12   her daily wage, multiplied by thirty (30) days.

13   128.   When Plaintiff and those members of the Class who are former employees of BLUE

14   APRON and/or DOES separated from Defendant's and/or DOES' employ, Defendant

15   and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period

16   premiums, and/or rest period premiums owed at the time of termination.

17   129.   BLUE APRON and/or DOES failure to pay said wages to Plaintiff RASHIDA FAIRLEY

18   and members of the Class she seeks to represent, was willful in that BLUE APRON and/or

19   DOES and each of them knew the wages to be due, but failed to pay them.

20   130.   As a consequence of BLUE APRON's and/or DOES' willful conduct in not paying wages

21   owed at the time of separation from employment, Plaintiff RASHIDA FAIRLEY and

22   members of the proposed Class are entitled to thirty (30) days' worth of wages as a penalty

23   under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

24   131.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described

25   below.

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT                         24

**Seventh Cause of Action Against BLUE APRON and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

132.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

133.  BLUE APRON and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

134.  The actions of BLUE APRON and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

135.  Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to BLUE APRON and/or DOES unlawful acts and practices.

136.  As a result of their unlawful acts, BLUE APRON and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class she seeks to represent. BLUE APRON and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed Class.

137.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced BLUE APRON and/or DOES unfair trade practices.

138.  As a direct and proximate result of the unfair business practices of BLUE APRON and/or

DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining BLUE APRON and/or DOES from engaging in the practices described herein.

139. The illegal conduct alleged herein is continuing, and there is no indication that BLUE APRON and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if BLUE APRON and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

140. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting BLUE APRON and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

141. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described below.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5. For compensation for all time worked;

6. For compensation for not being provided paid rest breaks;

7. For compensation for not being provided paid meal periods;

8. For damages and/or monies owed for failure to comply with itemized employee

1   wage statement provisions;

2   9.   For all waiting time penalties owed;

3   10.   That Defendant be found to have engaged in unfair competition in violation of

4   sections 17200 et seq. of the California Business and Professions Code;

5   11.   That Defendant be ordered and enjoined to make restitution to the Class due to their

6   unfair competition, including disgorgement of their wrongfully withheld wages

7   pursuant to California Business and Professions Code sections 17203 and 17204;

8   12.   That an order of specific performance of all penalties owed be issued under

9   Business and Professions Code sections 17202;

10   13.   That Defendant be enjoined from continuing the illegal course of conduct, alleged

11   herein;

12   14.   That Defendant further be enjoined to cease and desist from unfair competition in

13   violation of section 17200 et seq. of the California Business and Professions Code;

14   15.   That Defendant be enjoined from further acts of restraint of trade or unfair

15   competition;

16   16.   For attorneys' fees;

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

17.   For interest accrued to date;

18.   For costs of suit and expenses incurred herein; and

19.   For any such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: October 5, 2018

THE TURLEY & MARA LAW FIRM, APLC

William Turley, Esq.
David Mara, Esq.
Jamie Serb, Esq.
Tony Roberts, Esq.
Representing Plaintiff RASHIDA FAIRLEY
on behalf of herself, all others similarly situated,
and on behalf of the general public.

CLASS ACTION COMPLAINT                    28

# Exhibit B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BLUE APRON, LLC; BLUE APRON, INC.; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RASHIDA FAIRLEY on behalf of herself, all others similarly situated, and on behalf of the general public

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

OCT - 5 2018

CLERK OF THE SUPERIOR COURT
By Lanette Buffin, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda, 1225 Fallon Street, Oakland, CA 94612 | **CASE NUMBER:** *(Número del Caso):* RG18923596 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley & Mara Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

DATE: OCT - 5 2018
*(Fecha)*

Clerk, by Chad Finn *(Secretario)* _____ Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BLUE APRON, LLC

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code 17061 (Limited Liability Company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# Exhibit C

21024775

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
William Turley, Esq. (SBN 122408)
The Turley & Mara Law Firm, APLC
7428 Trade Street
San Diego, CA 92121
TELEPHONE NO.: (619) 234-2833  FAX NO.: (619) 234-4048
ATTORNEY FOR *(Name):* Plaintiff.

FOR COU...

**FILED**
**ALAMEDA COUNTY**

OCT - 5 2018

CLERK OF THE SUPERIOR COURT
By _____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Rashida Fairley v. Blue Apron, LLC; Blue Apron, Inc

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG 18 923596 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 7 (SEVEN)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/5/2018

Tony Roberts, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

# Exhibit D

THE TURLEY LAW FIRM, APLC
Attn: Turley Esq, William
7428 Trade Street
San Diego, CA   92121

Blue Apron, LLC

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Fairley<br><br>Plaintiff/Petitioner(s)<br>vs.<br><br>Blue Apron, LLC<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG18923596<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 12/18/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/15/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/09/2018                Chad Finke  Executive Officer / Clerk of the Superior Court

                                  By _____
                                                                  Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 10/10/2018.

                                  By _____
                                                                  Deputy Clerk


RECEIVED
OCT 1 5 2018
By

| | |
|---|---|
| *Case Name:* | **Anthony Hill and Terrance Bailey v. BLUE APRON, LLC; Blue Apron Market, LLC; and DOES 2-100;** |
| *Court:* | **Alameda Superior Court** |
| *Case Number:* | **RG17878905** |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of:  San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 7428 Trade Street San Diego, CA 92121

On, October 24, 2018 I served the foregoing document(s) described as:

## NOTICE OF HEARING

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Ron J. Holland, Esq.
Ellen M. Bronchetti, Esq.
Philip Shceeter, Esq.
MCDERMOTT WILL & EMERY LLP
275 Middlefield Road, Suite 100
Menlo Park, CA 94025

[XX]  **(BY UNITED STATES MAIL)** On October 24, 2018, I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses named above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

[XX]  **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: October 24, 2018

David Rhei

PAGE 1 OF 1

# Exhibit E



21083239

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William Turley, 122408<br>The Turley and Mara Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121<br>TELEPHONE NO.: (619)234-2833<br>ATTORNEY FOR *(name):* Plaintiff | **FILED**<br>ALAMEDA COUNTY<br><br>OCT. 24 2018<br><br>CLERK OF THE SUPERIOR COURT<br>By Tonia ___ , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1221 Oak Street, 3rd and 4th floors
Oakland, CA 94612

| PLAINTIFF/PETITIONER: Rashida Fairley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BLUE APRON, LLC, et al. | RG18923596 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>blue Apron Class |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, ADR Packet

3. a. Party served:  BLUE APRON, LLC

   b. Person Served: Bill Jacobs - CSC - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 N Gateway Oaks Dr, Ste 150
   Sacramento, CA 95833

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/19/2018     (2) at (time): 1:22PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   BLUE APRON, LLC
   under: Other: Limited Liability Company

7. Person who served papers
   a. Name:         Spenser G. Fritz
   b. Address:      One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947

   c. Telephone     ☎ 415-491-0606
   d. The fee for service was: $ 40.00
   e. I am:
      (3)  registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No.: 2016-05
         (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  10/22/2018

Spenser G. Fritz                              (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS)



21083237

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| William Turley, 122408 <br> The Turley and Mara Law Firm, APLC <br> 7428 Trade Street <br> San Diego, CA 92121 <br> TELEPHONE NO.: (619)234-2833 <br> ATTORNEY FOR *(Name)*: Plaintiff | **FILED** <br> ALAMEDA COUNTY <br> OCT 24 2018 <br> CLERK OF THE SUPERIOR COURT <br> Tania ___ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Alameda County |
| 1221 Oak Street, 3rd and 4th floors |
| Oakland, CA 94612 |

| PLAINTIFF/PETITIONER: Rashida Fairley, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BLUE APRON, LLC, et al. | RG18923596 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> blue Apron Class |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, ADR Packet

3. a. Party served:  BLUE APRON, INC

   b. Person Served: Bill Jacobs - CSC - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 N Gateway Oaks Dr, Ste 150
5. I served the party                             Sacramento, CA 95833
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/19/2018      (2) at (time): 1:22PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

BLUE APRON, INC
under: CCP 416.10 (corporation)
7. Person who served papers
   a. Name:          Spenser G. Fritz
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947

   c. Telephone    ☒ 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
       (3) registered California process server.
           (i)   Employee or independent contractor.
           (ii)  Registration No.: 2016-05
           (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 10/22/2018

Spenser G. Fritz
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                           **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

                                                                        OL# 12414594

# Exhibit F

1   RONALD J. HOLLAND (Cal. Bar No. 148687)
     rjholland@mwe.com
2   ELLEN M. BRONCHETTI (Cal. Bar No. 226975)
     ebronchetti@mwe.com
3   PHILIP SHECTER (Cal. Bar No. 300661)
     pshecter@mwe.com
4   McDERMOTT WILL & EMERY LLP
     275 Middlefield Road, Suite 100
5   Menlo Park, California 94025-4004
     Tel:  650.815.2400
6   Fax:  650.815.7401

7   Attorneys for Defendants
     BLUE APRON, LLC and BLUE APRON, INC.

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF ALAMEDA

11

| | |
|---|---|
| RASHIDA FAIRLEY, on behalf of herself, all others similarly situated, and on behalf of the general public, | Case No. RG18923596 |
| | **DEFENDANTS' ANSWER TO COMPLAINT** |
| Plaintiff, | |
| v. | |
| | Complaint filed:  October 5, 2018 |
| BLUE APRON, LLC; BLUE APRON, INC.; and DOES 1–100, | |
| Defendants. | |

**ENDORSED
FILED
ALAMEDA COUNTY**

**NOV 1 6 2018**

**SUE PESKO**

**FILE BY
FAX**

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

Defendants BLUE APRON, LLC and BLUE APRON, INC. hereby answer the Complaint of Plaintiff RASHIDA FAIRLEY ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendants deny, generally and specifically, each and every allegation, statement and matter, and each purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality of the foregoing, deny generally and specifically that Plaintiff has been, is or will be damaged in any way at all by reason of any acts or omissions of Defendants.

### AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendants allege the following affirmative defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. Without waiving or excusing the burden of proof on Plaintiff or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.     The Complaint and the purported causes of action alleged therein fail to state facts sufficient to constitute claims upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Primary Jurisdiction Doctrine)

2.     The Complaint and the purported causes of action alleged therein should be abated in the Court's discretion and Plaintiff should be ordered to pursue her administrative remedies with the California Division of Labor Standards Enforcement and/or Labor Workforce Development Agency, which have primary jurisdiction over these claims.

### THIRD AFFIRMATIVE DEFENSE

(Non-Certifiable Class)

3.     Plaintiff cannot satisfy the requirements of California Code of Civil Procedure section 382 because individual questions of facts and law predominate over common questions;

- 1 -

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

1  Plaintiff's claims are not typical of those belonging to members of the putative class; and/or other

2  class requirements cannot be satisfied.  Further, Defendants allege that certain of the interests of

3  the putative class are in conflict with the interests of all or certain subgroups of the members of

4  the putative class.   Additionally, Defendants are informed and believe, and based upon such

5  information and belief allege, that Plaintiff is not a proper representative of the class she purports

6  to represent and, accordingly, this action is not properly brought as a class action.

7  **FOURTH AFFIRMATIVE DEFENSE**

8  (Lack of Superiority)

9  4.      Defendants are informed and believe, and based upon such information and belief

10  allege, that the class action procedure is not the superior method for adjudicating Plaintiff's

11  claims or the claims of the putative class and, accordingly, this action is not properly brought as a

12  class action.

13  **FIFTH AFFIRMATIVE DEFENSE**

14  (Lack of Standing)

15  5.      Defendants are informed and believe, and based upon such information and belief

16  allege, that Plaintiff lacks standing to assert each cause of action alleged in the Complaint and

17  lacks standing to represent the putative class.

18  **SIXTH AFFIRMATIVE DEFENSE**

19  (Failure to Exhaust Administrative Remedies)

20  6.      Defendants are informed and believe, and based upon such information and belief,

21  allege, that the Complaint and the purported causes of action alleged therein are barred, in whole

22  or in part, because Plaintiff and/or members of the putative class failed to timely and completely

23  exhaust their administrative remedies available to them under the California Labor Code or other

24  applicable provisions of law or contract prior to commencement of this action.

25  **SEVENTH AFFIRMATIVE DEFENSE**

26  (Statute of Limitations)

27  7.      To the extent Plaintiff and/or members of the putative class seek to recover for

28  conduct that occurred outside the applicable limitations periods, their claims are barred by the

- 2 -

applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343 and California Business and Professions Code section 17208.

**EIGHTH AFFIRMATIVE DEFENSE**

(Laches)

8.    Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and the purported causes of action alleged therein are barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action by not acting within a reasonable time in seeking the wages and/or penalties at issue, or otherwise reporting any alleged violation of wage and hour laws, and unreasonably delayed in the filing of this lawsuit, causing Defendants to suffer prejudice.

**NINTH AFFIRMATIVE DEFENSE**

(Estoppel)

9.    Defendants are informed and believe that a reasonable opportunity to investigate and discover will reveal, and on that basis allege, the Complaint and the purported causes of action alleged therein are barred by the doctrine of estoppel.

**TENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

10.    Defendants are informed and believes and based on such information and belief allege, that the Complaint and the purported causes of action alleged therein are barred by the doctrine of unclean hands, because of, among other things, misrepresentations made by Plaintiff and/or members of the putative class, in that Plaintiff and members of the putative class were expected to take meal and rest breaks and report all hours worked, and never informed Defendant that they were denied or forced to forgo meal and rest breaks or did not report all hours worked.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

11.    Defendants are informed and believe, and based upon such information and belief allege, that by their conduct Plaintiff and/or members of the putative class have waived any right to recovery any relief by the Complaint or the purported causes of action alleged therein by virtue

- 3 -

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

1   of their prior representations, actions and/or inaction with respect their meal and rest breaks

2   and/or the wages at issue.

### TWELFTH AFFIRMATIVE DEFENSE

(Duties Owed to Defendants)

5   12.   Defendants are informed and believe, and based upon such information and belief

6   allege, that Plaintiff's claims, as well as those of members of the putative class, are barred by

7   their own breach of duties owed to Defendants under Labor Code sections 2854, 2856, 2857,

8   2858 and/or 2859.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Unknown Conduct)

11   13.   Defendants allege that the Complaint and the purported causes of action alleged

12   therein cannot be maintained against Defendants because if Defendants' employees (including

13   Plaintiff and/or members of the putative class) took the actions alleged, such actions were

14   committed outside the course and scope of such employees' employment, were not authorized,

15   adopted or ratified by Defendants, and/or Defendants did not know of nor should have known of

16   such conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Justification)

19   14.   Defendants are informed and believe, and based upon such information and belief

20   allege, that any acts alleged to have been committed by Defendants were committed in the

21   exercise of good faith, were not arbitrary or capricious, were based upon legitimate reasons, and

22   were reasonable and justified under the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Set-Off/Offset/Recoupment)

25   15.   Defendants are informed and believe, and based upon such information and belief

26   allege, that the Complaint and the purported causes of action alleged therein are subject to setoff,

27   offset and/or recoupment to the extent Plaintiff and/or members of the putative class have already

28   been compensated for the hours worked for which they seek to recompense here.

- 4 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

McDermott Will & Emery LLP
ATTORNEYS AT LAW
SILICON VALLEY

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

16.     Defendants are informed and believe, and based upon such information and belief allege, that a bona fide dispute exists as to whether any further compensation is actually due to Plaintiff and/or members of the putative class and, if so, the amount thereof.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Substantial Compliance)

17.     Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff and members of the putative class are not entitled to recover any damages or penalties because Defendants substantially complied with Labor Code section 226(a).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Knowing and Intentional Failure)

18.     Defendants allege that, even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized statements of wages and deductions, Plaintiff and/or members of the putative class are not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure."

## NINETEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Clerical Error/Inadvertent Mistake)

19.     Defendants allege that, even assuming *arguendo* Plaintiff and/or members of the putative class were not provided with proper itemized statements of wages and deductions, Plaintiff and/or members of the putative class should not recover damages or penalties because Defendants' alleged failure to comply with California Labor Code section 226(a) was the result of clerical error or inadvertent mistake.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

20.     Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and the purported cause of action alleged therein are barred, or any

- 5 -

recovery should be reduced, pursuant to the avoidable consequences doctrine because Defendants took reasonable steps to prevent and correct any improper wage payments; Plaintiff and/or members of the putative class unreasonably failed to use any preventative and corrective opportunities provided to them by Defendants; and reasonable use of Defendants' procedures could have prevented some, if not all, of the harm that Plaintiff and/or members of the putative class allegedly suffered.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Penalties – Good Faith Dispute)

21.     Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any violation of the California Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith; Defendants had reasonable grounds for believing that their wage payment practices complied with applicable laws; and that any such act or omission was not a violation of the California Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or members of the putative class are not entitled to any penalties or damages in excess of any wages which might be found to be due.  Specifically, Plaintiff and/or members of the putative class cannot recover California Labor Code section 226(e) civil penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or fact.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Labor Code § 203 - No Willful or Intentional Violation)

22.     Defendants are informed and believe, and based upon such information and belief allege, that, even if Plaintiff and/or members of the putative class are entitled to any additional compensation, Defendants have not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or members of the putative class within the meaning and scope of California Labor Code section 203.

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

- 6 -

McDermott Will & Emery LLP
Attorneys At Law
Silicon Valley

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Res Judicata, Bar and Merger, Settlement/Release)

23.     Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and the purported causes of action alleged therein are subject to settlement/release agreements, which constitute a complete or partial bar to the present action, and/or the doctrine of res judicata.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

24.     Defendants are informed and believe, and based upon such information and belief allege, that the Complaint and the purported causes of action alleged therein are barred, in whole or in part, by the doctrine of collateral estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Harm Suffered)

25.     Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff and/or members of the putative class have not suffered and will not suffer irreparable harm or any harm as a result of any of the alleged conduct of Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Attorneys' Fees and Costs)

26.     Defendants allege that the Complaint fails to state a claim for attorneys' fees under California Labor Code section 1194, California civil Code section 1021.5, California Business and Professions Code section 17200 *et seq.*, or on any other basis.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Employer Instructions)

27.     Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that any failure to comply with Defendants' work-time recording and/or overtime policies and requirements, was the result of

- 7 -

failure by Plaintiff and/or members of the putative class to follow Defendants' reasonable instructions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

28.     Defendants allege that the Complaint and the purported causes of action alleged therein are barred to the extent Plaintiff and/or members of the putative class failed to exhaust internal remedies and/or grievance procedures.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Business & Professions Code § 17200 et seq. – Practices Not Unfair, Unlawful, Deceptive or Fraudulent)

29.     Defendants allege that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because any purported practice by Defendants was not unfair, unlawful, deceptive or fraudulent.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Business & Professions Code § 17200 et seq. – Defense Against "Borrowed" Law)

30.     Defendants allege that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because Plaintiff fails to state sufficient facts to constitute claims upon which relief can be granted against Defendant and from which Plaintiff's unlawful business practices claim "borrows."

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Business & Professions Code § 17200 et seq. – Defense Against "Borrowed" Law)

31.     Defendants allege that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 et seq. is barred and/or limited by law because Defendant has complied with the underlying laws for which Plaintiff's unlawful business practices claim seeks redress.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Business & Professions Code § 17200 *et seq.* – Failure to Allege Facts with Reasonable

Particularity)

32.     Defendants allege that Plaintiff's purported cause of action for unfair business practices under California Business and Professions Code section 17200 *et seq.* is barred and/or limited by law because Plaintiff has failed to state with reasonable particularity the facts supporting the statutory elements of the alleged violation.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(De Minimis)

33.     Defendants allege that the Complaint and the purported causes of action alleged therein cannot be maintained against Defendants because Defendants' acts or omissions, if any, and the alleged damages are de minimis.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

34.     Defendants allege that Plaintiff and/or members of the putative class are not entitled to equitable relief insofar as they have adequate remedies at law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Lack of Specificity)

35.     Defendants allege Plaintiff has failed to allege special damages with requisite specificity.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Mitigation of Damages)

36.     Defendants are informed and believe, and on that basis allege, that Plaintiff and/or members of the putative class have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendants should be reduced or eliminated by such a failure.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

1  **RESERVATION OF RIGHT TO AMEND ANSWER**

2      Defendants hereby give notice that they intend to rely on such other and further defenses

3  as may become available during discovery in this action and reserve the right to amend the

4  Answer to assert any such defenses.

5  **PRAYER**

6      WHEREFORE, Defendants pray for judgment as follows:

7      1.    That the Complaint be dismissed with prejudice in its entirety;

8      2.    That Plaintiff, and any persons similarly situated, take nothing by reason of the

9  Complaint;

10      3.    That Defendants be awarded its costs of suit and reasonable attorneys' fees to the

11  extent provided by law; and

12      4.    That Defendants be awarded such other and further relief as the Court may deem

13  appropriate and proper.

14

15  Dated:  November 16, 2018

16

17                     McDERMOTT WILL & EMERY LLP

18

19                     By: _____

20                        RONALD J. HOLLAND
                      ELLEN M. BRONCHETTI

21                        PHILIP SHECTER
                      Attorneys for Defendants

22                        BLUE APRON, LLC and BLUE APRON, INC.

23  DM_US 156701966-1.105295.0013

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California.  My business address is 275 Middlefield Road, Menlo Park, California 94025..

On November 16, 2018, I served true copies of the following document(s) described as

**DEFENDANT'S ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

William Turley, Esq.
David Mara, Esq.
Jamie Serb, Esq.
Tony Roberts, Esq.
THE TURLEY & MARA LAW FIRM,
APLC
7428 Trade Street
San Diego, California 92121

**BY OVERNIGHT DELIVERY** by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at San Francisco, California.  I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail.  Pursuant to this practice, correspondence would be deposited in the overnight box located at San Francisco, CA, in the ordinary course of business on the date of this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 16, 2018 at San Francisco, California.

Karen D. Davis