UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE BAILEY, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BLUE APRON, LLC; BLUE APRON, INC.; and DOES 1-100,<br><br>　　　　　　　Defendant. | CASE NO. 3:18-cv-07000-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFF TERRANCE BAILEY'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Courtroom: 4<br><br>State Action Filed:　October 5, 2018<br>FAC Filed:　　　　　August 22, 2019<br>Removal:　　　　　November 9, 2018<br>Trial Date:　　　　None |

I. **RECITALS**

On April 13, 2020, the Court took Plaintiff's Motion for Preliminary Approval of Class Action Settlement under submission. This action is currently pending before this Court as a putative class action (the "Action"). Plaintiff has applied to this Court for an order preliminarily approving the settlement of the Action in accordance with the Joint Stipulation of Class Action Settlement (the "Joint Stipulation"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein.

The Court has reviewed the Plaintiff's Motion for Preliminary Approval of Class and Action Settlement filed by Plaintiff Terrance Bailey. The Court has considered the Memorandum of Points and Authorities in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement; the Declaration of David Mara, Esq., along with the attached exhibits including the Joint Stipulation and Settlement Agreement; and the Declaration of Farshid Khosravi. The Court's scrutiny of a proposed settlement is as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016); *see also Hunt v. VEP Healthcare, Inc.*, No 16-cv-04790-VC, 2017 WL 3608297 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Services of America, Inc.*, No 15-cv-02576-VC, 2016 WL 3390477 (N.D. Cal. May 20, 2016). For purposes of this Order, the Court adopts all defined terms as set forth in the Joint Stipulation.

II. **FINDINGS**

After review and consideration of the Joint Stipulation and Plaintiff's Motion for Preliminary Approval and the papers in support thereof, the Court hereby finds and orders as follows:

1. The Joint Stipulation falls within the range of reasonableness meriting possible final approval.

2. The certification of the Class solely for purposes of settlement is appropriate in that: (1) the Class Members are so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the Class which predominate over any individual questions; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Class; and (5) a class action, and class-

wide resolution of the action via class settlement procedures is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The Joint Stipulation, and the obligations of the Parties as set forth therein, is fair, reasonable, and is an adequate settlement of this case and is in the best interests of the Class in light of the factual, legal, practical, and procedural considerations raised by this case.

4. Plaintiff does not have any conflicts that would preclude him from serving as Class Representative, and his appointment comports with the requirements of due process.

5. Class Counsel does not have any conflicts that would preclude them from acting as Class Counsel, and they meet the requirements of the Federal Rules of Civil Procedure for appointment as Class Counsel and the requirements of due process.

6. The Class Notice attached as Exhibit A to the Joint Stipulation complies with due process because the Class Notice is reasonably calculated to adequately apprise Class Members of: (i) the pending lawsuit; (ii) the terms of the proposed Joint Stipulation; and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement. Plaintiff's proposed plan for class notice and settlement administration is the best notice practicable under the circumstances and is in full compliance with the Federal Rules of Civil Procedure and the requirements of due process, and the Class Notice complies with the Federal Rules of Civil Procedure and the requirements of due process, and is appropriate as part of the proposed plan for notice to Class Members.

### III. ORDER

IT IS HEREBY ORDERED as follows:

1. The Court finds on a preliminary basis that the provisions of the Joint Stipulation, filed with the Court as Exhibit 1 to the Declaration of David Mara, Esq., are fair, just, reasonable, and adequate and, therefore, meet the requirements for preliminary approval. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000).

2. The Court certifies, for settlement purposes only, the following class ("Class") described in the Motion for Preliminary Approval:

> **All current and former non-exempt employees who worked for Defendant in California at any time during the period from October 5, 2014 through April 16, 2020.**

3. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

4. This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any other matter for the purpose of seeking class certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Joint Stipulation.

5. For purposes of this settlement only, Plaintiff is granted leave to file his Second Amended Complaint ("SAC"), attached as Exhibit C to the Parties' Joint Stipulation. Plaintiff shall have eleven (11) days from the date of this order to file his SAC through ECF. Plaintiff's SAC shall be deemed responded to via Defendant's Answer to Plaintiff's First Amended Complaint. Should, for whatever reason, the settlement as set forth in the Parties' Joint Stipulation not become final, the SAC shall be deemed stricken and Plaintiff's First Amended Complaint shall remain the operative pleading.

6. The Court appoints for settlement purposes only, as the Class Representative Terrance Bailey.

7. The Court appoints for settlement purposes only, David Mara and Jill Vecchi of Mara Law Firm, PC, as Class Counsel for the purposes of settlement and the releases and other obligations therein. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Joint Stipulation, and such other acts reasonably necessary to consummate the Joint Stipulation.

8. Phoenix Settlement Administrators is appointed as Settlement Administrator.

9. The Class Notice, in the form attached to the Joint Stipulation as Exhibit A, is approved. The language on the envelope for mailing the Class Notice, in the form attached to the Joint Stipulation as Exhibit B, is approved.

10. The Settlement Administrator is ordered to mail the Class Notice to the Class Members as provided in the Joint Stipulation.

11. Each Class Member will have forty-five (45) days after the date on which the Settlement Administrator mails the Class Notice to object to the settlement by following the procedure set forth in the Class Notice.

12. Any Class Member who has submitted such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Approval/Fairness Hearing and object to the approval of the Joint Stipulation or the award of attorneys' fees and reimbursement of expenses to Class Counsel. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Joint Stipulation, the judgment to be entered approving the same, or the award of attorneys' fees and reimbursement of expenses to Class Counsel, unless that Class Member has submitted written objections in the manner set forth herein. The Parties may file any response to the objections submitted by objecting Class Members, if any, no later than seven (7) days before the Final Approval/Fairness Hearing.

13. Any Class Member who does not make his or her objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed settlement as incorporated in the Joint Stipulation and the award of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

14. Each Class Member who wishes to be excluded from the settlement shall sign and mail a written request for exclusion to the Settlement Administrator or shall submit a request for exclusion through the settlement website. The request for exclusion must (a) state the Class Member's name, address, telephone number, and the last four digits of his or her social security number or employee identification number; (b) state the Class Member's intention to exclude themselves from or opt-out of the Settlement; and (c) be signed by the Class Member or his or her lawful representative. Requests for exclusion must be submitted no later than forty-five (45) days after the mailing of the Class Notice.

15. If the Agreement is not finally approved by the Court or for any reason is terminated or the final date of the settlement does not occur for any reason whatsoever, the Joint Stipulation and

the proposed settlement that is the subject of this Order, and all evidence and proceedings had in connections therewith, shall be without prejudice to the *status quo ante* rights of the Parties to the litigation, as more specifically set forth in the Joint Stipulation.

16. A hearing (the "Final Approval/Fairness Hearing") shall be held before the Honorable Vince Chhabria, in Courtroom 4 (17th Floor) of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Joint Stipulation is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Joint Stipulation should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, Plaintiff's application for general release payments, and Plaintiff's request for payment of expenses to the Settlement Administrator. The Court may continue or adjourn the Final Approval/Fairness Hearing without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

17. During the Court's consideration of the settlement and pending further order of the Court, all proceedings in this case, other than proceedings necessary to carry out the terms and provisions of the Joint Stipulation, or as otherwise directed by the Court, are hereby stayed and suspended.

18. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as a finding by the Court, or an admission on the part of Defendants or any of the other Released Parties, of any fault or omission with respect to any claim or that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants or any of the other Released Parties to oppose class certification in this action, should the proposed Joint Stipulation not be granted final approval.

19. The Parties may depart from the dates and procedures if mutually agreed upon and such departures are not materially different from the terms of this Order.

## IV. ADMINISTRATION TIMELINE

The Court adopts the following administration timeline:

| | |
|---|---|
| Preliminary Approval Granted | July 15, 2020 |
| Deadline for Plaintiff to file Second Amended Complaint | July 26, 2020<br>[11 calendar days after the entry of this Order] |
| Class Data due to the Settlement Administrator | July 29, 2020<br>[14 calendar days after the entry of this Order] |
| Settlement Administrator's Deadline to Mail and Email Class Notices | August 18, 2020<br>[20 calendar days after receipt of the Class Data] |
| Settlement Administrator's Deadline to Set Up Settlement Website | August 18, 2020<br>[20 calendar days after receipt of the Class Data] |
| Plaintiff's Deadline to File Motion for Attorneys' Fees | September 17, 2020<br>[15 calendar days before the end of the Response Deadline] |
| Deadline for Class Members to Object to the Settlement | October 2, 2020<br>[45 calendar days after the Class Notices are mailed and emailed] |
| Deadline for Class Members to Request to be Excluded from the Settlement | October 2, 2020<br>[45 calendar days after the Class Notices are mailed and emailed] |
| Plaintiff's Deadline to File Final Approval Motion | 35 calendar days prior to the Final Approval/Fairness Hearing |
| Final Approval/Fairness Hearing | November 19, 2020<br>at 10:00AM |

1  IT IS SO ORDERED.

3  Date:   July 21, 2020

                                              Honorable Vince Chhabria
                                              United States District Judge