David Mara, Esq. (230498)
Jill Vecchi, Esq. (299333)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for Terrance Bailey, on behalf of himself,
all others similarly situated, and on behalf of the general public.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

TERRANCE BAILEY on behalf of
himself, all others similarly situated, and on
behalf of the general public,

Plaintiffs,

v.

BLUE APRON, LLC; BLUE APRON,
INC.; and DOES 1-100,

Defendants.

Case No.  3:18-cv-07000-VC

**PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**

1) **Failure to Pay All Straight Time Wages;**
2) **Failure to Pay All Overtime Wages;**
3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8 § 11090);**
4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090);**
5) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**
6) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**
7) **Violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA"); and**
8) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**

**DEMAND FOR JURY TRIAL**

SECOND AMENDED CLASS ACTION COMPLAINT  1

Plaintiff TERRANCE BAILEY, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendants BLUE APRON, LLC, BLUE APRON, INC. (collectively "BLUE APRON") and/or DOES and for causes of action and alleges:

1.     This is a class action pursuant on behalf of Plaintiff, TERRANCE BAILEY, and all non-exempt, hourly workers who are presently or formerly employed by BLUE APRON and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2.     At all times mentioned herein, BLUE APRON and/or DOES have conducted business in Alameda County and elsewhere within California.

3.     At all times mentioned herein, BLUE APRON and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4.     At all times mentioned herein, the common policies and practices of BLUE APRON and/or DOES were a direct cause of Defendant's and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.     For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked.

6.     For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a continuous and widespread policy of not paying Plaintiff and those similarly situated for all hours they worked, including before clocking in for their work shift, after clocking out for their work shift, and during unpaid meal periods. Further, Defendant BLUE APRON and/or DOES have had a continuous and widespread policy to shave the time Plaintiff and those similarly situated worked (referred to as "time shaving").

7.     For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a continuous and widespread policy of

"clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods, even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

8.   For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the California Labor Code and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

9.   For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

10.  For at least four (4) years prior to filing of this action and through the present, Defendant BLUE APRON and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

11.  For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

12.	For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

13.	For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

14.	For at least four (4) years prior to the filing of this action and through to the present, Defendant BLUE APRON and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendant BLUE APRON and/or DOES employ or who were terminated.

15.	For at least four (4) years prior to the filing of this action and through to the present, BLUE APRON and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

16.	Throughout the statutory period, BLUE APRON's and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

17.	Throughout the statutory period, BLUE APRON and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

SECOND AMENDED CLASS ACTION COMPLAINT 4

18.   BLUE APRON and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

19.   BLUE APRON and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

20.   BLUE APRON's and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of BLUE APRON's and/or DOES' duty owed to Plaintiff and the proposed class.

21.   Throughout the statutory period, BLUE APRON's and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

22.   Defendant BLUE APRON and/or DOES are and were aware that Plaintiff and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendant BLUE APRON's and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and deliberate.

23.   Defendant BLUE APRON and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiff and the proposed class, creating a joint-employer relationship over Plaintiff and the proposed class.

24.   Plaintiff TERRANCE BAILEY, on behalf of himself and all of BLUE APRON's and/or DOES' Non-Exempt Employees, brings this action pursuant to California Labor Code sections 218, 218.5, 222, 223, 224, 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, 1197, 2699 *et seq.*, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking

1   unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other

2   equitable relief, relief under the Labor Code Private Attorneys General Act of 2004

3   ("PAGA"), and reasonable attorneys' fees and costs.

4   25.   Plaintiff TERRANCE BAILEY, on behalf of himself and all putative Class members made

5   up of BLUE APRON's and/or DOES' non-exempt employees, pursuant to California

6   Business and Professions Code sections 17200-17208, also seeks injunctive relief,

7   restitution, and disgorgement of all benefits BLUE APRON and/or DOES enjoyed from

8   their failure to pay all straight time wages, overtime wages, and meal and rest period

9   compensation.

10   **I.   VENUE**

11   26.   Venue as to each Defendant, BLUE APRON and/or DOES, is proper in this judicial

12   district. Defendant BLUE APRON and/or DOES conduct business and commit Labor Code

13   violations within Alameda County, and each Defendant and/or DOE is within California

14   for service of process purposes. The unlawful acts alleged herein have a direct effect on

15   Plaintiff and those similarly situated within the State of California and within Alameda

16   County. Defendant BLUE APRON and/or DOES employ numerous Class members who

17   work in Alameda County, in California.

18   **II.   PARTIES**

19   **A.   Plaintiffs.**

20   27.   At all relevant times, herein, Plaintiff TERRANCE BAILEY is and was a resident of

21   California. At all relevant times, herein, he was employed by Defendant BLUE APRON

22   and/or DOES within the last four (4) years as a non-exempt, hourly warehouse worker in

23   California.

24   28.   On information and belief, Plaintiff and all other members of the proposed class

25   experienced Defendant BLUE APRON's and/or DOES' common company policies of

26   failing to pay all straight time and overtime wages owed.

27   29.   On information and belief, Plaintiff and all other members of the proposed class

28   experienced Defendant BLUE APRON's and/or DOES' common company policies of

SECOND AMENDED CLASS ACTION COMPLAINT  6

1    illegally deducting wages from employees for meal periods during which they were

2    performing work.

3    30.   On information and belief, Plaintiff and all other members of the proposed class

4    experienced Defendant BLUE APRON's and/or DOES' common company policies and/or

5    practices of failing to pay all straight time and overtime wages owed, and failing to provide

6    compliant meal periods to employees before the end of their fifth hour of work or a second

7    meal period before the end of the tenth hour or work, or compensation in lieu thereof.

8    31.   On information and belief, Plaintiff and all other members of the proposed class

9    experienced Defendant BLUE APRON's and/or DOES' common company policies of

10   failing to provide ten (10) minute paid rest breaks to employees whom worked four (4)

11   hours or major fractions thereof.

12   32.   On information and belief, Plaintiff and all other members of the proposed class

13   experienced Defendant BLUE APRON's and/or DOES' common company policies of

14   failing to provide Non-Exempt Employees with accurate itemized wage statements. On

15   information and belief, Defendants and/or DOES failure to provide to their Non-Exempt

16   Employees, including Plaintiff, with accurate itemized wage statements was willful.

17   33.   On information and belief, Plaintiff and all other members of the proposed class

18   experienced Defendant BLUE APRON's and/or DOES' common company policies of

19   failing to timely compensate Non-Exempt Employees all wages owed upon termination.

20   On information and belief, Defendant's and/or DOES' failure to pay, in a timely manner,

21   compensation owed to Non-Exempt Employees, including Plaintiff, upon termination of

22   their employment with BLUE APRON and/or DOES was willful.

23   34.   Plaintiff filed a Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3

24   with the Labor and Workforce Development Agency ("LWDA") and paid the required

25   fees. To date, Plaintiff has not received notice that the LWDA will be taking action in

26   response to Plaintiff's Notice.

27   35.   On information and belief, Plaintiff and all other members of the proposed class

28   experienced Defendant BLUE APRON's and/or DOES' fraudulent and deceptive business

1   practices within the meaning of the Business and Professions Code section 17200, et seq.

2   36.   Plaintiff and the proposed class are covered by, inter alia, California IWC Occupational

3   Wage Order No. 9-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

4   **B.**   **Defendants**.

5   37.   At all relevant times herein, BLUE APRON and/or DOES engage in the ownership and

6   operation of facilities in the State of California.

7   38.   "Each week [Blue Apron] send[s] hundreds of thousands of customers all the pre-measured

8   and perfectly proportioned ingredients they need to prepare delicious and healthy meals at

9   home." BLUE APRON, https://www.blueapron.com/, last visited October 4, 2018.

10   39.   "Blue Apron has expanded tremendously and as a team, [and] work[s] every day to live

11   and breathe [its] mission. [Blue Apron] send[s] over 8 million meals per month to our home

12   chefs nationwide, and [has] thousands of employees that work across four offices to ensure

13   each customer gets the highest quality product every week." *Id.*

14   40.   Blue Apron claims that it holds its values are "we win together, not alone; we operate with

15   integrity" and boasts "we are accountable." *Id.*

16   41.   If Blue Apron truly does operate with integrity and it accountable, the it will pay its

17   employees all of their hard-earned wages.

18   42.   On information and belief, BLUE APRON and/or DOES exercised control over the wages,

19   hours, and/or working conditions of Plaintiff and members of the proposed class

20   throughout the liability period.

21   43.   BLUE APRON and/or DOES principal place of business is in the State of California.

22   44.   The true names and capacities, whether individual, corporate, associate, or otherwise, of

23   Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues

24   these Defendants by such fictitious names. Plaintiff is informed and believes, and based

25   thereon alleges, that each of the Defendants designated herein as a DOE is legally

26   responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek

27   leave of court to amend this Complaint to reflect the true names and capacities of the

28   Defendants designated hereinafter as DOES when such identities become known.

SECOND AMENDED CLASS ACTION COMPLAINT  8

45.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

### III.     CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations.

Plaintiff also seeks to represent subclasses composed of and defined as follows:

> All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of five (5) hours.

> All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours.

> All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt

workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of twelve (12) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All persons who are or have been employed by BLUE APRON and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who

1      worked one (1) or more shifts in excess of ten (10) hours.

2

3      All persons who are or have been employed by BLUE APRON

4      and/or DOES in the State of California as hourly, Non-Exempt

5      workers during the period of the relevant statute of limitations, who

6      separated their employment from Defendant.

7

8      All persons who are or have been employed by BLUE APRON

9      and/or DOES in the State of California as hourly, Non-Exempt

10      workers during the period of the relevant statute of limitations, who

11      worked one (1) or more shifts in which they received a wage

12      statement for the corresponding pay period.

13

14      All persons who are or have been employed by BLUE APRON

15      and/or DOES in the State of California as hourly, Non-Exempt

16      workers during the period of the relevant statute of limitations, who

17      were deducted wages for meal periods.

18

19  47.    Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to

20      amend or modify the Class description with greater specificity or further division into

21      subclasses or limitation to particular issues.

22  48.    This action has been brought and may properly be maintained as a class action because

23      there is a well-defined community of interest in the litigation and the proposed Class is

24      easily ascertainable.

25  **A.**    **<u>Numerosity</u>**.

26  49.    The potential members of the Class as defined are so numerous that joinder of all the

27      members of the Class is impracticable. While the precise number of Class members has

28      not been determined at this time, Plaintiff is informed and believes that BLUE APRON

1  and/or DOES currently employ, and during the liability period employed, over one hundred

2  (100) employees, all in the State of California, in positions as hourly non-exempt

3  employees.

4  50.  Accounting for employee turnover during the relevant periods increases this number

5  substantially. Upon information and belief, Plaintiff alleges BLUE APRON's and/or

6  DOES' employment records will provide information as to the number and location of all

7  Class members. Joinder of all members of the proposed Class is not practicable.

8  **B.**    **Commonality.**

9  51.  There are questions of law and fact common to the Class that predominate over any

10  questions affecting only individual Class members. These common questions of law and

11  fact include, without limitation:

12  (1)    Whether BLUE APRON and/or DOES violated the Labor

13  Code and/or applicable IWC Wage Orders in failing to pay its non-exempt

14  workers all earned wages at the regular rate for all hours worked.

15  (2)    Whether BLUE APRON's and/or DOES' uniform policies

16  and/or practices whereby non-exempt workers were pressured and/or

17  incentivized to forego taking meal and/or rest periods.

18  (3)    Whether BLUE APRON and/or DOES violated Labor Code

19  section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage

20  Orders, and/or California Code of Regulations, Title 8, section 11090, by

21  failing to authorize, permit, and/or provide rest periods to its hourly, non-

22  exempt employees for every four (4) hours or major fraction thereof worked

23  and/or failing to pay said employees one (1) hour of pay at the employee's

24  regular rate of compensation for each work day that the rest period was not

25  authorized, permitted and/or provided.

26  (4)    Whether BLUE APRON and/or DOES willfully failed to

27  pay, in a timely manner, wages owed to members of the proposed Class who

28  left BLUE APRON's and/or DOES' employ or who were terminated.

SECOND AMENDED CLASS ACTION COMPLAINT 12

(5)     Whether BLUE APRON and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left BLUE APRON's and/or DOES' employ or who were terminated.

(6)     Whether BLUE APRON and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(7)     Whether BLUE APRON and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left BLUE APRON's and/or DOES' employ or who were terminated.

52. The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

53. Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.     Typicality**.

54. The claims of the named Plaintiff are typical of the claims of the proposed class.  Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by BLUE APRON's and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

55. Plaintiff TERRANCE BAILEY was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as TERRANCE BAILEY was subjected to the same unlawful policies and practices as all hourly non-exempt employees, his claims are typical of the class he seeks to represent.

**D.     Adequacy of Representation**.

56. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

57. Plaintiff is ready and willing to take the time necessary to help litigate this case.

58. Plaintiff has no conflicts that will disallow him to fairly and adequately represent and

1     protect the interests of the members of the Class.

2 59.   Counsel who represent Plaintiff are competent and experienced in litigating large

3     employment class actions.

4 60.   Specifically, David Mara, Esq., Jamie Serb, Esq., Tony Roberts, Esq., are California

5     lawyers in good standing.

6 61.   Counsel who represent Plaintiff are competent and experienced in litigating large

7     employment class actions.

8 62.   Specifically, David Mara, Esq., Jamie Serb, Esq., Jill Vecchi, Esq., and Tony Roberts, Esq.

9     are California lawyers in good standing.

10 63.   Mr. Mara wrote winning amicus briefs in two very worker friendly California Supreme

11     Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257 and *Williams v.*

12     *Superior Court* (decided July 13, 2017).

13 64.   Mr. Mara was appointed class counsel in the landmark California Supreme Court case,

14     *Brinker v. Superior Court* and his firm has been appointed as class counsel in many

15     California wage and hour cases, in both State Court and Federal Court.

16 65.   Mara Law Firm, PC has the resources to take this case to trial and judgment, if necessary.

17 66.   Mr. Mara has the experience, ability, and ways and means to vigorously prosecute this

18     case.

19 **E.**    **Superiority of Class Action.**

20 67.   A class action is superior to other available means for the fair and efficient adjudication of

21     this controversy. Individual joinder of all Class members is not practicable, and questions

22     of law and fact common to the Class predominate over any questions affecting only

23     individual members of the Class. Each member of the Class has been damaged and is

24     entitled to recovery by reason of BLUE APRON's and/or DOES' illegal policies and/or

25     practices of failing to pay all straight time and overtime wages owed, failing to permit or

26     authorize rest periods, failing to provide meal periods, knowingly and intentionally failing

27     to comply with wage statement requirements, and failing to pay all wages due at

28     termination.

68. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

69. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.   CAUSES OF ACTION

**First Cause of Action Against BLUE APRON and/or DOES: Failure to Pay All Straight Time Wages**

70. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

71. Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

72. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

73. Plaintiff and those similarly situated Class members were employed by BLUE APRON and/or DOES at all relevant times. BLUE APRON and/or DOES were required to

1     compensate Plaintiff for all hours worked and were prohibited from making deductions

2     that had the effect of reducing the agreed upon wage.

3  74.   Defendant and/or DOES have a continuous and consistent policy of clocking-out Plaintiff

4     and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and

5     all members of the Class work through their meal periods. Thus, BLUE APRON and/or

6     DOES do not pay Plaintiff and each and every member of the Class for all time worked

7     each and every day they work without a meal period and have time deducted.

8  75.   Plaintiff and those similarly situated Class members are informed and believe and thereon

9     allege that BLUE APRON and/or DOES breached the legal duty to pay full wages to

10     Plaintiff by deducting a portion of the wages earned when Plaintiff's and the Class

11     members' actual time records indicate that a meal period was not taken. BLUE APRON

12     and/or DOES did not make reasonable efforts to determine whether the time deducted was

13     actually worked as reported by Plaintiff and Class members. BLUE APRON and/or DOES,

14     without a reasonable basis, presumed that actual reported hours had not been accurately

15     reported. The conduct complained of is a form of what is sometimes called "dinging,"

16     "shaving," or "scrubbing" and is prohibited by law.

17  76.   Defendant and/or DOES have a continuous and consistent policy of not paying Plaintiff

18     and those similarly situated for all time worked, including before Plaintiff and those

19     similarly situated clock in for work shifts and after they clock out after work shifts.

20  77.   Defendant and/or DOES have a continuous and consistent policy of shaving the time

21     Plaintiff and those similarly situated work (referred to as "time shaving").

22  78.   Thus, BLUE APRON and/or DOES shave/steal earned wages from Plaintiff and each and

23     every member of the Class each and every day they work. BLUE APRON and/or DOES

24     have not paid Plaintiff and the members of the Class all straight time wages owed.

25  79.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct

26     result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the

27     Class members have suffered, and continue to suffer, substantial unpaid wages, and lost

28     interest on such wages, and expenses and attorneys' fees in seeking to compel BLUE

1    APRON and/or DOES to fully perform their obligations under state law, all to their

2    respective damage in amounts, according to proof at trial.

3    80.    As a direct result of BLUE APRON's and/or DOES' policy of illegal wage theft, Plaintiff

4    and those similarly situated have been damaged in an amount to be proven at trial.

5    81.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

6    below.

7    **Second Cause of Action Against BLUE APRON and/or DOES: Failure to Pay All Overtime**

8    **Wages**

9    82.    Plaintiff and those similarly situated Class members hereby incorporate by reference each

10   and every other paragraph in this Complaint herein as if fully plead.

11   83.    It is fundamental that an employer must pay its employees for all time worked. California

12   Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

13   Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section

14   223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section

15   1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only

16   permits deductions from wages when the employer is required or empowered to do so by

17   state or federal law or when the deduction is expressly authorized in writing by the

18   employee for specified purposes that do not have the effect of reducing the agreed upon

19   wage.

20   84.    BLUE APRON and/or DOES failed to pay overtime when employees worked over eight

21   (8) hours per day and when employees worked over forty (40) hours per week.

22   85.    Plaintiff and those similarly situated Class members were employed by BLUE APRON

23   and/or DOES at all relevant times. BLUE APRON and/or DOES were required to

24   compensate Plaintiff for all overtime hours worked and were prohibited from making

25   deductions that had the effect of reducing the agreed upon wage.

26   86.    BLUE APRON and/or DOES failed to pay for the overtime that was due, pursuant to IWC

27   Wage Order No. 9-2001, item 3(A).

28   87.    Plaintiff and the Class members are informed and believe and thereon allege that as a direct

1    result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the

2    Class members have suffered, and continue to suffer, substantial unpaid overtime wages,

3    and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to

4    compel BLUE APRON and/or DOES to fully perform their obligations under state law, all

5    to their respective damage in amounts according to proof at time of trial. BLUE APRON

6    and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful

7    and deliberate intention on injuring Plaintiff and the Class members. BLUE APRON and/or

8    DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's

9    rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by

10   law.

11   88.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

12   below.

13   **Third Cause of Action Against BLUE APRON and/or DOES: Failure to Provide Meal**

14   **Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No.**

15   **9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

16   89.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

17   and every other paragraph in this Complaint herein as if fully plead.

18   90.   Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall

19   employ any person for a work period of more than five (5) hours without providing a meal

20   period of not less than thirty (30) minutes. During this meal periods of not less than thirty

21   (30) minutes, the employee is to be completely free of the employer's control and must not

22   perform any work for the employer. If the employee does perform work for the employer

23   during the thirty (30) minute meal period, the employee has not been provided a meal

24   period in accordance with the law. Also, the employee is to be compensated for any work

25   performed during the thirty (30) minute meal period.

26   91.   In addition, an employer may not employ an employee for a work period of more than ten

27   (10) hours per day without providing the employee with another meal period of less than

28   thirty (30) minutes.

92. Under California Labor Code section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

93. BLUE APRON and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, BLUE APRON and/or DOES non-exempt employees were required to work over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

94. BLUE APRON and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

95. BLUE APRON's and/or DOES' business model is such that Non-Exempt Employees were assigned too much work and insufficient help due to chronic understaffing to be able to take meal periods. Thus, Non-Exempt Employees are not able to take meal periods.

96. Throughout the statutory period, BLUE APRON and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not being able to take meal periods.

97. BLUE APRON and/or DOES would not permit Plaintiff and the Class to take 30-minute meal periods unless specifically scheduled by Defendant and/or DOES or unless Plaintiff and the Class were expressly told to by Defendant and/or DOES. This routinely resulted in Plaintiff and the Class members not being able to take a meal period, if at all, until after the fifth hour.

98. BLUE APRON and/or DOES did not have a policy of providing a second meal period before the end of the tenth hour.

99. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, BLUE APRON and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 9.

100. As a result of the unlawful acts of BLUE APRON and/or DOES, Plaintiff and the Class he

1   seeks to represent have been deprived of premium wages, in amounts to be determined at

2   trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

3   attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No.

4   9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to

5   take meal periods through mutual consent with BLUE APRON and/or DOES.

6   101.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

7   below.

8   **Fourth Cause of Action Against BLUE APRON and/or DOES: Failure to Authorize and**

9   **Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs.**

10  **Title 8 § 11090)**

11  102.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

12  and every other paragraph in this Complaint herein, as if fully plead.

13  103.   Under IWC Wage Order No. 9, every employer shall authorize and permit all employees

14  to take rest periods, "[t]he authorized rest period time shall be based on the total hours

15  worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major

16  fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be

17  counted as hours worked for which there shall be no deduction from wages." *Id.*

18  104.   Under California Labor Code section 226.7, if the employer does not provide an employee

19  a rest period in accordance with the above requirements, the employer shall pay the

20  employee one (1) hour of pay at the employee's regular rate of compensation for each

21  workday that the rest break is not provided.

22  105.   At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest period

23  time based upon the total hours worked daily at the rate of ten (10) minutes net rest time

24  per four (4) hours or major fraction thereof.

25  106.   In the alternative, BLUE APRON and/or DOES business model was such that Non-Exempt

26  Employees were assigned too much work with insufficient help due to chronic

27  understaffing whereby Plaintiff and the Class had to work through their rest periods.

28  107.   Throughout the statutory period, BLUE APRON and/or DOES had a pattern and practice

SECOND AMENDED CLASS ACTION COMPLAINT 20

1    of assigning too much work to be completed in too short of time frames, resulting in

2    Plaintiff and those similarly situated not being able to take rest periods.

3  108.   As a result of the unlawful acts of BLUE APRON and/or DOES, Plaintiff and the Class he

4    seeks to represent have been deprived of premium wages, in amounts to be determined at

5    trial, and are entitled to recovery of such amounts, plus interest and penalties thereon,

6    attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No.

7    9-2001.

8  109.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

9    below.

10  **Fifth Cause of Action Against BLUE APRON and/or DOES: Knowing and Intentional**

11  **Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226,**

12  **1174, 1175; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11040)**

13  110.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

14    and every other paragraph in this Complaint herein as if fully plead.

15  111.   Labor Code section 226 subdivision (a) requires Defendant and/or DOES to, inter alia,

16    itemize in wage statements and accurately report the total hours worked and total wages

17    earned. BLUE APRON and/or DOES have knowingly and intentionally failed to comply

18    with Labor Code section 226, subdivision (a), on each and every wage statement provided

19    to Plaintiff TERRANCE BAILEY and members of the proposed Class.

20  112.   Labor Code section 1174 requires BLUE APRON and/or DOES to maintain and preserve,

21    in a centralized location, records showing the daily hours worked by and the wages paid to

22    its employees. BLUE APRON and/or DOES have knowingly and intentionally failed to

23    comply with Labor Code section 1174. The failure of BLUE APRON and/or DOES, and

24    each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code

25    section 1175.

26  113.   BLUE APRON and/or DOES failed to maintain accurate time records - as required by IWC

27    Wage Order No. 9-2001(7), and Cal. Code Regs., Title 8 section 11090 - showing, among

28    other things, when the employee begins and ends each work period, the total daily hours

worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

114.    BLUE APRON and/or DOES have knowingly and intentionally failed to provide Plaintiff and the Class members with accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]" Labor Code section 226(a).

115.    As a direct result of BLUE APRON and/or DOES unlawful acts, Plaintiff and the Class he intends to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

116.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Sixth Cause of Action Against BLUE APRON and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

117.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

118.    Plaintiff TERRANCE BAILEY terminated his employment with BLUE APRON and/or DOES.

119.    Whether Plaintiff TERRANCE BAILEY voluntarily or involuntarily terminated his employment with BLUE APRON and/or DOES, Defendant and/or DOES did not timely pay him straight time wages owed at the time of his termination.

120. Whether Plaintiff TERRANCE BAILEY voluntarily or involuntarily terminated his employment with BLUE APRON and/or DOES, Defendant and/or DOES did not timely pay him overtime wages owed at the time of his termination.

121. Whether Plaintiff TERRANCE BAILEY voluntarily or involuntarily terminated his employment with BLUE APRON and/or DOES, Defendant and/or DOES did not timely pay him meal period and/or rest break premiums owed at the time of his termination.

122. Numerous members of the Class are no longer employed by BLUE APRON and/or DOES. They were either fired or quit BLUE APRON's and/or DOES' employ. BLUE APRON and/or DOES did not pay all timely wages owed at the time of their termination. BLUE APRON and/or DOES did not pay all premium wages owed at the time of their termination.

123. Labor Code section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

124. BLUE APRON and/or DOES failed to pay Plaintiff TERRANCE BAILEY a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiff TERRANCE BAILEY is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

125. When Plaintiff and those members of the Class who are former employees of BLUE APRON and/or DOES separated from Defendant's and/or DOES' employ, Defendant and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest break premiums owed at the time of termination.

126. BLUE APRON and/or DOES failure to pay said wages to Plaintiff TERRANCE BAILEY and members of the Class he seeks to represent, was willful in that BLUE APRON and/or DOES and each of them knew the wages to be due, but failed to pay them.

127. As a consequence of BLUE APRON's and/or DOES' willful conduct in not paying wages

1   owed at the time of separation from employment, Plaintiff TERRANCE BAILEY and

2   members of the proposed Class are entitled to thirty (30) days' worth of wages as a penalty

3   under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

4   128.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

5   below.

6   **Seventh Cause of Action Against BLUE APRON and/or DOES: Violations of the Private**

7   **Attorneys General Act of 2004 ("PAGA") (Labor Code §2698 et seq.)**

8   129.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

9   and every other paragraph in this Complaint herein as if fully plead.

10  130.   Plaintiff, by virtue of his employment with Defendant, and Defendant's failure to provide

11  meal and rest periods, overtime compensation, all wages for all work performed at the

12  statutory minimum agreed upon rate, and all wages due at termination, are aggrieved

13  employees with standing to bring an action under the Private Attorney General Act

14  ("PAGA").  Plaintiff, as representative of the people of the State of California, will seek

15  any and all penalties otherwise capable of being collected by the Labor Commission and/or

16  the Department of Labor Standards Enforcement (DLSE). This includes each of the

17  following, as set forth in Labor Code Section 2699.5, which provides that Section 2699.3(a)

18  applies to any alleged violation of the following provisions: Sections 201 through 203, 204,

19  205.5, 221, 222, 223, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, and 1199.

20  131.   Plaintiff is informed and believes that Defendant has violated and continues to violate

21  provisions of the California Labor Code and applicable Wage Orders related to meal and

22  rest periods, overtime compensation, wages for all work performed, and all wages due at

23  termination.

24  132.   Plaintiff, as personal representative of the general public, will and does seek to recover any

25  and all penalties for each and every violation shown to exist or to have occurred during the

26  one-year period of filing this action, in an amount according to proof, as to those penalties

27  that are otherwise only available to public agency enforcement actions.  Funds recovered

28  will be distributed in accordance with PAGA, with at least 75% of the penalties recovered

SECOND AMENDED CLASS ACTION COMPLAINT 24

1  being reimbursed to the State of California and the Labor and Workforce Development

2  Agency (LWDA).

3  **Eighth Cause of Action Against BLUE APRON and/or DOES: Violation of Unfair**

4  **Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

5  133.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

6  and every other paragraph in this Complaint herein as if fully plead.

7  134.  BLUE APRON and/or DOES failure to pay all straight time and overtime wages earned,

8  failure to provide compliant meal and/or rest breaks and/or compensation in lieu thereof,

9  failure to itemize and keep accurate records, failure to pay all wages due at time of

10  termination, as alleged herein, constitutes unlawful activity prohibited by California

11  Business and Professions Code section 17200, et seq.

12  135.  The actions of BLUE APRON and/or DOES in failing to pay Plaintiff and members of the

13  proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent

14  and deceptive business practices, within the meaning of California Business and

15  Professions Code section 17200, et seq.

16  136.  Plaintiff is entitled to an injunction and other equitable relief against such unlawful

17  practices in order to prevent future damage, for which there is no adequate remedy at law,

18  and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as

19  members of the general public actually harmed and as a representative of all others subject

20  to BLUE APRON and/or DOES unlawful acts and practices.

21  137.  As a result of their unlawful acts, BLUE APRON and/or DOES have reaped and continue

22  to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to

23  represent. BLUE APRON and/or DOES should be enjoined from this activity and made to

24  disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class

25  pursuant to Business and Professions Code section 17203. Plaintiff is informed and

26  believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through

27  their policy of not all wages owed to Plaintiff and members of the proposed Class.

28  138.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the

1    proposed class are prejudiced BLUE APRON and/or DOES unfair trade practices.

2    139.   As a direct and proximate result of the unfair business practices of BLUE APRON and/or

3    DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly

4    situated, are entitled to equitable and injunctive relief, including full restitution and/or

5    disgorgement of all wages and premium pay which have been unlawfully withheld from

6    Plaintiff and members of the proposed Class as a result of the business acts and practices

7    described herein and enjoining BLUE APRON and/or DOES from engaging in the

8    practices described herein.

9    140.   The illegal conduct alleged herein is continuing, and there is no indication that BLUE

10   APRON and/or DOES will cease and desist from such activity in the future. Plaintiff

11   alleges that if BLUE APRON and/or DOES are not enjoined from the conduct set forth in

12   this Complaint, they will continue the unlawful activity discussed herein.

13   141.   Plaintiff further requests that the Court issue a preliminary and permanent injunction

14   prohibiting BLUE APRON and/or DOES from continuing to not pay Plaintiff and the

15   members of the proposed Class overtime wages as discussed herein.

16   142.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

17   below.

18                      **V.    PRAYER FOR RELIEF**

19   WHEREFORE, Plaintiff prays for judgment as follows:

20       1.   That the Court determine that this action may be maintained as a class action;

21       2.   For compensatory damages, in an amount according to proof at trial, with interest

22            thereon;

23       3.   For economic and/or special damages in an amount according to proof with interest

24            thereon;

25       4.   For unpaid straight time and overtime wages, in an amount according to proof at

26            trial, with interest thereon;

27       5.   For compensation for all time worked;

28       6.   For compensation for not being provided paid rest breaks;

7.      For compensation for not being provided paid meal periods;

8.      For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9.      For all waiting time penalties owed;

10.     That Defendant be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

11.     That Defendant be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

12.     That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

13.     That Defendant be enjoined from continuing the illegal course of conduct, alleged herein;

14.     That Defendant further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the California Business and Professions Code;

15.     That Defendant be enjoined from further acts of restraint of trade or unfair competition;

16.     For penalties for each violation of the Labor Code Private Attorneys General Act of 2004 ("PAGA");

17.     For attorneys' fees;

18.     For interest accrued to date;

19.     For costs of suit and expenses incurred herein; and

20.     For any such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

1

**DEMAND FOR JURY TRIAL**

2       Plaintiff demands a jury trial.

3

Dated: March 2, 2020                    **MARA LAW FIRM, PC**
4

5                                        /s/ *David Mara*
                                         David Mara, Esq.
6                                        Jill Vecchi, Esq.
                                         Attorneys for Plaintiff TERRANCE BAILEY
7                                        on behalf of himself, all others similarly situated,
                                         and on behalf of the general public.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28