UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE BAILEY, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BLUE APRON, LLC; BLUE APRON, INC.; and DOES 1-100,<br><br>　　　　　　　Defendant. | CASE NO. 3:18-cv-07000-VC<br><br>[Assigned to the Honorable Vince Chhabria]<br><br>**REVISED [~~PROPOSED~~] ORDER GRANTING PLAINTIFF TERRANCE BAILEY'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 19, 2020<br>Time: 10:00 a.m.<br>Courtroom: 4<br><br>State Action Filed:　October 5, 2018<br>FAC Filed:　　　　　August 22, 2019<br>Removal:　　　　　　November 9, 2018<br>Trial Date:　　　　　None |

## I. RECITALS

This matter came on for hearing on November 19, 2020, in Courtroom 4 of the above-captioned Court on Plaintiff's Motion for Final Approval of Class Action Settlement in the class action (the "Action") currently pending before this Court. Having received and considered the Joint Stipulation and Settlement Agreement (the "Joint Stipulation"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement, and the instant Motion for Final Approval of Class Action Settlement, the Court grants final approval of the Settlement Agreement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

## II. FINDINGS

After review and consideration of the Joint Stipulation (Dkt. No. 38-2) and Plaintiffs' Motion for Final Approval of Class Action Settlement and the papers in support thereof, the Court hereby finds and orders as follows:

1. Pursuant to the Order Granting Plaintiff Terrance Bailey's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 42), a Notice of Class Action Settlement ("Class Notice") was mailed Class Members by first-class U.S. Mail on August 18, 2020. Notice of settlement was also emailed to Class Members that had an email address on file with Blue Apron. Thus, the Class Notice was provided to all 3,767 Class Members.

2. The Court finds that distribution of the Class Notice in the manner set forth in the preliminary approval order and the Joint Stipulation constitutes the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws. The Class Notice procedure set forth in the Joint Stipulation provides a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meets the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States

Revised [Proposed] Order Granting Plaintiff's
Motion for Preliminary Approval of Class Action
Settlement

1

Case No. 3:18-CV-07000-VC

1  Constitution, and any other applicable law, and constitutes due and sufficient notice to all Class Members.

3. The Class Notice informed the Class Members of the terms of the Joint Stipulation, of their right to submit objections, if any, and to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the settlement. The Class Notice informed the Class Members of their right to request exclusion from the Class and the settlement. The Class Notice also informed Class Members of the date set for the final approval hearing. Adequate periods of time were provided by each of these procedures. No member of the Class filed a written objection to the proposed settlement as part of this notice process or stated an intention to appear at the final approval hearing, and no Class Member requested exclusion from the Class and the settlement.

4. The Court finds and determines that the notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Class Members.  The Court finds and determines that the Class Notice was the best notice practicable, which satisfied the requirements of law and due process.

5. Solely for the purpose of settlement in accordance with the Joint Stipulation, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to settlement approval of class actions have been satisfied, and the Court hereby certifies the following Class: All current and former non-exempt employees who worked for Blue Apron in California at any time during the period from October 5, 2014 through April 16, 2020.

6. Pursuant to the Joint Stipulation, and for settlement purposes only, the Court further finds as to the Class that:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the Class which predominate over the questions affecting only individual members;

    c. The claims of the Class Representative are typical of the claims of the Class that the Class Representative seeks to certify;

    d. The Class Representative, Plaintiff Terrance Bailey, will fairly and adequately

protect the interests of the Class and is, therefore, appointed as the representative of the Class;

e. Class Counsel, David Mara and Jill Vecchi of Mara Law Firm, PC, will fairly and adequately protect the interests of the Class and are qualified to represent the Class and are, therefore, appointed as attorneys for the Class for purposes of settlement; and

f. Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

7. The Court finds that the settlement is fair when compared to the strength of Plaintiffs' case, Blue Apron's defenses, the risks involved in further litigation and maintaining class status throughout the litigation, and the amount offered in settlement.

8. The Court finds that the Parties conducted adequate investigation and research, and that their attorneys were able to reasonably evaluate their respective positions. The Court finds that the settlement was reached as a result of informed and non-collusive arm's-length negotiation.

9. The Court finds that Class Counsel has extensive experience acting as class counsel in complex class action cases and their view on the reasonableness of the settlement was therefore given its due weight. The Court further finds that the Class' reaction to the settlement – with no objections or requests for exclusion – weighs in favor of granting final approval of the settlement.

10. The Joint Stipulation is not an admission by Blue Apron, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Blue Apron. Neither this Order, the Joint Stipulation, nor any document referred to herein, nor any action taken to carry out the settlement, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Blue Apron.

11. The Court finds and determines that the Individual Settlement Shares to be paid to each Participating Class Member as provided for in the Joint Stipulation are fair and reasonable.

### III. ORDER

IT IS HEREBY ORDERED as follows:

1. As defined in the Joint Stipulation, the Court directs the Settlement Administrator to disburse the following out of the Gross Settlement Amount ("GSA"):

   a. <u>Individual Settlement Shares</u>. The Court finds and determines that the Individual Settlement Shares provided for by the terms of the Joint Stipulation to be paid to Participating Class Members are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to the Participating Class Members in accordance with the terms of the Joint Stipulation.

   b. <u>Class Counsel's Fees and Cost Award</u>. Pursuant to the terms of the Joint Stipulation, and the authorities, evidence, and argument submitted by Class Counsel, the Court finds and determines Class Counsel have conferred a benefit on absent Participating Class Members and, having expended efforts to secure a benefit to the Class, are entitled to a fee. Accordingly, the Court hereby orders an award of $500,000 for attorneys' fees and $68,354.51 for litigation costs, to be paid out of the Gross Settlement Amount to Class Counsel, is fair and reasonable. The Court does not find the attorney fee award of $500,000 and costs of $68,354.51 are a disproportionate distribution of the Settlement under *In Re Bluetooth Product Liability Case* (*"Bluetooth"*) (9th Cir. 2011) 654 F.3d 935. The Court also finds the attorney fee award here is not unreasonable under *Bluetooth* because the Parties did not arrange for fees to revert to Blue Apron in the event the Court awarded less than requested. Therefore, the attorneys' fees and litigation costs are approved and ordered paid in accordance with the terms of the Joint Stipulation.[1]

---

[1] Ten percent (10%) of the attorneys' fees awarded, which represents $50,000, shall be withheld until after Plaintiff files a Post-Distribution Accounting in accordance with the dates set forth in the Court's Order Granting Final Approval of Class Action Settlement and Entering Judgment. At the time Plaintiff files his Post-Distribution Accounting, Plaintiff shall submit a proposed order releasing these fees.

     c. <u>Class Representative Enhancement Payment</u>. The Court finds and determines the Class Representative Enhancement Payment in the amount of $10,000 to Plaintiff Terrance Bailey is fair and reasonable. The Court hereby orders the Class Representative Enhancement Payment is finally approved and ordered paid in accordance with the terms of the Joint Stipulation.

     d. <u>Administration Costs</u>. The Court finds and determines that the payment of the settlement Administration Costs in the amount of $22,500, to be paid to Phoenix Settlement Administrators out of the Gross Settlement Amount, is fair and reasonable. The Court hereby orders the Settlement Administrator to make this payment to itself in accordance with the terms of the Joint Stipulation.

     e. <u>PAGA Payment</u>. The Court finds that the PAGA Payment of $150,000, of which $112,500 is to be paid to the California Labor & Workforce Development Agency ("LWDA") out of the Gross Settlement Amount, to be reasonable and appropriate. The remaining $37,500 (25% of the PAGA Payment) shall remain in the Net Settlement Amount to be included when distributing Individual Settlement Shares to Participating Class Members. The Court hereby grants final approval to and orders that the PAGA Payment be paid pursuant to the terms and provisions set forth in the Joint Stipulation.

2. Neither Blue Apron nor any of the Released Parties shall have any further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided for in the Joint Stipulation.

3. Nothing in this Order shall preclude any action to enforce the Parties' obligations pursuant to the Joint Stipulation or pursuant to this Order, including the requirement that Blue Apron make payments to Participating Class Members in accordance with the Joint Stipulation.

4. By this Judgment, Plaintiff shall release, relinquish, and discharge, and each of the Participating Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, as defined in the Joint Stipulation.

5. The Court retains jurisdiction over the administration and effectuation of the settlement, including, but not limited to, the ultimate disbursal of Class Counsel's attorneys' fees and costs and Plaintiff's Class Representative Enhancement Payment, and any other issue related to this Settlement.

6. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Settlement Agreement and this Order.

7. Within 21 days of the date of this Order, Plaintiff is ordered to file a Post-Distribution Accounting, providing the following information: the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to Class Members, the method(s) of notice and the method(s) of payment to Class Members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any. The Parties should summarize this information in an easy-to-read chart. The Post-Distribution Accounting should also include when payments were made to Class Members, the number of Class Members who were sent payments, the total amount of money paid to Class Members, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and/or Class Counsel since final approval, any other issues in the settlement administration since final approval, and how any concerns or issues were resolved. The Post-Distribution Accounting should also discuss the benefit conferred on the Class as a result of the institutional changes made by Blue Apron. The Parties are further ordered to post this Post-Distribution Accounting on the settlement website. At the time the Post-Distribution Accounting is filed, Class Counsel should submit a proposed order releasing the remainder of the attorneys' fees.

8. <u>Final Judgment</u>. The Court hereby enters final judgment in this case in accordance with the terms of (1) the Joint Stipulation; (2) Order Granting Motion for Preliminary Approval of Class Action Settlement; and (3) this Order. Upon entry of this Order and Final Judgment, the Action is hereby dismissed with prejudice as against Blue Apron. Without affecting the finality of this Order

in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

### IV.  ADMINISTRATION TIMELINE

The Court adopts the following administration timeline. The dates in the timeline assume the Effective Final Settlement Date is November 29, 2020.[2]

| | |
|---|---|
| Deadline for Blue Apron to Fund the Settlement | December 9, 2020<br>[10 calendar days of Effective Final Settlement Date] |
| Deadline for the Settlement Administrator to Disburse the Settlement to Participating Class Members | December 19, 2020<br>[10 calendar days after the settlement is funded by Blue Apron] |
| Deadline for Blue Apron to Change its Meal and Rest Period Policies | December 14, 2020<br>[15 calendar days of Effective Final Settlement Date] |
| Deadline for Blue Apron to Move its Timeclocks | December 29, 2020<br>[30 calendar days of Effective Final Settlement Date] |
| Reminder Postcard Mailed to Participating Class Members Who Have Not Deposited or Cashed their Individual Settlement Checks | March 29, 2021<br>[90 calendar days after checks are mailed to Participating Class Members] |
| Deadline for Participating Class Members to Cash or Redeem Their Individual Settlement Checks | June 27, 2021<br>[180 calendar days after checks are mailed to Participating Class Members] |

---

[2] As no objections have been filed, the Effective Final Settlement Date is the date on which both of the following events occurs: (1) the date of this Order; and (2) the date the Alameda County Superior Court enters dismissal of the matter *Terrance Bailey v. Blue Apron, LLC; Blue Apron, Inc.* (Case No. RG17878905). An Effective Final Settlement Date of November 29, 2020 allows ten days for the Alameda County Superior Court to enter dismissal of the action *Terrance Bailey v. Blue Apron, LLC; Blue Apron, Inc.* (Case No. RG17878905). Counsel are ordered to move the dates in the Administrative Timeline based upon the actual date the Alameda County Superior Court enters dismissal.

| The Funds from Uncashed Checks are Sent to the Cy Pres | July 17, 2021<br>[200 calendar days after checks are mailed to Participating Class Members] |
|---|---|
| Deadline for Plaintiff to Submit Post-Distribution Accounting | August 13, 2021 |

**IT IS SO ORDERED.**

Date:  November 19, 2020

Honorable Vince Chhabria
United States District Judge